THE HONORABLE RICHARD A. JONES
THE HONORABLE MARY ALICE THEILER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKY CORNELL, individually, and in her capacity as the Personal Representative of the Estate of Christopher John Cornell a/k/a Chris Cornell,

Plaintiffs,

v.

SOUNDGARDEN, a purported Washington General Partnership, KIM A. THAYIL, MATT D. CAMERON, HUNTER BENEDICT SHEPHERD, RIT VENERUS and CAL FINANCIAL GROUP, INC.,

Defendants.

No. 2:20-cv-01218-RAJ-MAT

OPPOSITION TO SOUNDGARDEN DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

**ORAL ARGUMENT REQUESTED**

**NOTED ON MOTION CALENDAR: JANUARY 15, 2021**



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF CONTENTS


**Page**

INTRODUCTION ........................................ 1

STATEMENT OF FACTS ........................................ 2

PLAINTIFFS STATE A RIPE CLAIM FOR CONVERSION ........................................ 3

A. The Court has subject-matter jurisdiction over Plaintiffs' conversion claim ........ 3

B. Plaintiffs have alleged sufficient facts to state a conversion claim ........................ 6

CONCLUSION ........................................ 10




**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anokiwave, Inc. v. Rebeiz*,
No. 18-CV-629, 2018 WL 4407591 (S.D. Cal. Sept. 17, 2018)....5

*Barker v. Riverside Cty. Office of Educ.*,
584 F.3d 821 (9th Cir. 2009)....7

*In re Boeing Sec. Litig.*,
40 F. Supp. 2d 1160 (W.D. Wash. 1998)....5

*Brougham v. Swarva*,
34 Wn. App. 68, 661 P.2d 138 (1983)....6

*Burleson v. Sec. Props. Residential, LLC*,
No. C18-0513-RSL, 2019 WL 77435 (W.D. Wash. Jan. 2, 2019)....9

*Chafin v. Chafin*,
568 U.S. 165 (2013)....3

*Clark v. City of Lakewood*,
259 F.3d 996 (9th Cir. 2001)....4

*Consulting Overseas Mgmt., Ltd. v. Shtikel*,
105 Wn. App. 80, 18 P.3d 1144 (2001)....8

*Davenport v. Wash. Educ. Ass'n*,
147 Wn. App. 704, 197 P.3d 686 (2008)....8

*Demelash v. Ross Stores, Inc.*,
105 Wn. App. 508, 20 P.3d 447 (2001)....7

*Dixon v. Crawford, McGilliard, Peterson & Yelish*,
163 Wn. App. 912, 262 P.3d 108 (2011)....4

*Does v. Trump*,
328 F. Supp. 3d 1185 (W.D. Wash. 2018)....3, 4, 6

*Eggert v. Vincent*,
44 Wn. App. 851, 723 P.2d 527 (1986)....6

*Gemtel Corp. v. Cmty. Redevelopment Agency*,
23 F.3d 1542 (9th Cir. 1994)....3



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Huong Hoang v. Amazon.com, Inc.*,
No. C11-1709-MJP, 2012 WL 1088165 (W.D. Wash. Mar. 30, 2012)....................................8

*Karuk Tribe of Cal. v. U.S. Forest Serv.*,
681 F.3d 1006 (9th Cir. 2012) ..........................................................................................3

*LPI Downtown Inv'rs 1 v. Mun. Court of Cty. of L.A.*,
51 F.3d 281, 1995 WL 146820 (9th Cir. 1995) ..................................................................9

*In re MacBook Keyboard Litig.*,
No. 18-cv-02813, 2019 WL 1765817 (N.D. Cal. Apr. 22, 2019).............................................4

*Nat'l City Bank, N.A. v. Prime Lending, Inc.*,
737 F. Supp. 2d 1257 (E.D. Wash. 2010).............................................................................5

*Brown ex rel. Richards v. Brown*,
157 Wn. App. 803, 239 P.3d 602 (2010).........................................................................7, 9

*Schuetzle v. Lineberger*,
No. 032114391, 2007 WL 8054633 (Wash. Super. Ct. Jan. 2, 2007) ......................................4

*Stack v. Lobo*,
903 F. Supp. 1361 (N.D. Cal. 1995) ....................................................................................9

*Sutton v. Pacholke*,
No. C12-124-RAJ, 2013 WL 2459767 (W.D. Wash. June 6, 2013) .........................................7

*Vasquez v. L.A. Cty.*,
487 F.3d 1246 (9th Cir. 2007) ............................................................................................7

*Wagafe v. Trump*,
No. C17-0094-RAJ, 2017 WL 2671254 (W.D. Wash. June 21, 2017) .................................7, 9

*West v. Sec'y of Dep't of Transp.*,
206 F.3d 920 (9th Cir. 2000) ..........................................................................................3, 6

*Westview Invs., Ltd. v. U.S. Bank Nat'l Ass'n*,
133 Wn. App. 835, 138 P.3d 638 (2006)..............................................................................7

**STATUTE**

RCW 25.05.250 ............................................................................................................3, 4, 8



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

**OTHER AUTHORITY**

Wright & Miller, 13C Fed. Prac. & Proc. Juris. § 3533.3 (3d ed. Oct. 2020) ................................6



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## INTRODUCTION

The motion to dismiss filed by Soundgarden (the "Partnership"), Kim A. Thayil, Matt D. Cameron, and Hunter Benedict Shepherd (collectively, "Defendants"[1]), against Vicky Cornell, in her capacity as the Personal Representative of the Estate of Christopher John Cornell (the "Estate") and individually (collectively, "Plaintiffs"), is simply the latest misguided litigation tactic intended to unnecessarily drive up Plaintiffs' litigation costs (while Defendants inequitably continue to use Plaintiffs' converted funds to pay their own litigation costs). The core premise of Defendants' motion—*i.e.*, that Plaintiffs are somehow barred at the pleading stage from asserting claims to recover money that (by Defendants' own admission) was earmarked for distribution to Plaintiffs long before Defendants misappropriated the funds for their own benefit—is meritless.

As set forth herein, denying Defendants' motion to dismiss should not be controversial. *First*, Plaintiffs' conversion claim is not moot. While there is a dispute over the buyout price for the Estate's interest in the Partnership as of the dissociation date, that issue is ***separate*** and ***distinct*** from the conversion claim asserted by Plaintiffs in this action—which relies on unique facts and seeks monetary relief for misappropriation of funds that occurred only *after* the dissociation date. Because Defendants come nowhere near satisfying their heavy burden of showing that it would be *impossible* for the Court to grant Plaintiffs their requested relief, the Court has jurisdiction to hear Plaintiffs' conversion claim.

*Second*, Defendants' alternative contention that the conversion claim should be dismissed under Rule 12(b)(6) is similarly unavailing. Plaintiffs have alleged sufficient facts that, accepted as true, establish their property interest in funds which Defendants misappropriated and which are "capable" of being identified. Nothing more is required at the pleading stage.

The Soundgarden Defendants' motion to dismiss should be denied.

[1] While there are other defendants in this case (Rit Venerus and Cal Financial Group), Plaintiffs use the term "Defendants" for simplicity's sake in connection with this opposition.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## STATEMENT OF FACTS

As alleged in Plaintiffs' Second Amended Complaint (Dkt. No. 139; the "SAC"), this case boils down to two core issues. First, Plaintiffs seek a determination that certain vocal recordings created solely by Chris Cornell before his untimely death were his sole intellectual property (and consequently, are now the sole property of the Estate). Second, Plaintiffs seek to recover funds and personal property that Defendants (along with their co-defendants Rit Venerus and Cal Financial) wrongfully converted as part of a bad-faith scheme to induce Plaintiffs to turn over Chris Cornell's vocal recordings to Defendants.

Defendants' present motion challenges the conversion claim, which Defendants improperly attempt to conflate with the ongoing buyout dispute between the parties. The relevant facts concerning the conversion claim and the buyout issue are as follows:

**Conversion.** After Chris Cornell's death on May 18, 2017, Defendants withheld and misappropriated hundreds of thousands of dollars that "they acknowledged were owed to Plaintiffs and which they approved for distribution ('Approved Funds')." SAC ¶ 114.

Fearful that the Approved Funds would be "held hostage," Ms. Cornell wrote to defendant Rit Venerus—the Band's manager—on August 20, 2019 to express her concerns. *Id.* ¶ 115. Venerus responded that same day: "I don't see any issue from my end with the estate being paid their [sic] share provided that each party would then be responsible for any commissions due on their share and pro-rata legal costs." *Id.* ¶ 116. Peter Paterno, the Band's then-attorney, further "ratified the Partnership's approval of the distribution of the Approved Funds, confirming on August 20, 2019: '**The band understands Vicky must be paid**.'" *Id.* ¶ 117.

But Defendants unlawfully changed course, not just refusing to pay Plaintiffs the Approved Funds, but misappropriating them. *Id.* ¶¶ 118-19. Specifically, Defendants "used the same 'frozen' funds to pay [their] attorneys' fees in this lawsuit." *Id.* ¶ 119. Thus, rather than segregating and preserving the funds due, owing, and "approved to be paid to Plaintiffs,"



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Defendants converted the Approved Funds by using them, in whole or part, to pay Defendants' attorneys to fund their defense in this lawsuit. *Id.* Defendants' conversion has harmed Plaintiffs. *Id.* ¶ 120.

**Buyout.** On July 23, 2020, Plaintiffs tendered a formal buyout demand for Chris Cornell's interest, as a dissociated partner, in the Partnership. Mot. at 9; *see* Joint Status Report & Discovery Plan (Dkt. No. 124), at 7; RCW 25.05.250. On October 22, 2020, Defendants responded by sending Plaintiffs buyout offers and payments. Mot. at 9-10. Plaintiffs have 120 days from the date of Defendants' tender to either accept the payments or legally challenge Defendants' valuation.[2] RCW 25.05.250(9).

## PLAINTIFFS STATE A RIPE CLAIM FOR CONVERSION

Defendants assert that Plaintiffs' conversion claim should be dismissed as moot or, alternatively, for failure to state a claim. The Court should reject both arguments.

### A. The Court has subject-matter jurisdiction over Plaintiffs' conversion claim.

Courts may dismiss a moot claim under Rule 12(b)(1) for "lack of subject-matter jurisdiction," including for mootness. Fed. R. Civ. P. 12(b)(1); *Gemtel Corp. v. Cmty. Redevelopment Agency*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994). A claim "is not moot if *any* effective relief may be granted," and dismissal "is justified only when it is 'absolutely clear' that the litigant no longer has 'any need of the judicial protection sought.'" *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (emphasis added) (citation omitted). In other words, a case is "moot 'only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party.'" *Does v. Trump*, 328 F. Supp. 3d 1185, 1195-96 (W.D. Wash. 2018) (emphasis added) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). Needless to say, this Circuit has stressed that "the burden of demonstrating mootness is a heavy one." *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 924-25 (9th Cir. 2000) (holding that action was not

[2] Plaintiffs do not dispute that the Court may consider these facts in evaluating Defendants' motion to dismiss. *See* Mot. at 5-7.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

moot where the court could "conceivably" order relief); *see Does*, 328 F. Supp. 3d at 1196 ("The party alleging mootness bears a 'heavy' burden to establish that the court can provide no effective relief." (citation omitted)).

Defendants maintain that Plaintiffs' conversion claim is moot because the ongoing buyout process will resolve all "financial matters" between the parties. Mot. at 4, 7-10. That argument is both unsupported and unsustainable. Plaintiffs' conversion claim is a separate cause of action, hinging on unique facts, with distinct remedies. It is not moot. *See Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (claim moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (citation omitted)).

*First*, Plaintiffs' conversion claim and the issues raised by and in the buyout process[3] are distinct causes of action, focused on different time periods and events. A buyout claim requires a court to quantify "the amount that would have been distributable to the dissociating partner . . . *on the date of dissociation*"—that is, to value Chris Cornell's interest in the Partnership as of May 18, 2017, the day of his passing. *See* RCW 25.05.250(2) (emphasis added); Mot. at 9. A court has significant discretion in doing so. *See Dixon v. Crawford, McGilliard, Peterson & Yelish*, 163 Wn. App. 912, 918, 262 P.3d 108 (2011) ("The statute gives the court discretion to determine the buyout price of a dissociated partner's interest[.]"); *Schuetzle v. Lineberger*, No. 032114391, 2007 WL 8054633, at *4 (Wash. Super. Ct. Jan. 2, 2007) ("The court does not find the determination of value to be very scientific—there are too many variables. Considerable judgment is involved in reaching a valuation determination.").[4]

---

[3] As noted *supra*, Plaintiffs may accept Defendants' offer of payment or, alternatively, file an action seeking a judicial valuation of the buyout price. RCW 25.05.250(9).

[4] Plaintiffs apply Washington law for purposes of opposing Defendants' motion, but the Court can (and should) defer deciding the issue. Where, as here, the choice-of-law analysis is fact-intensive and context-specific—and where Defendants do not argue otherwise (*see* Mot. at 7)—the Court may apply Washington law to resolve the pending motion to dismiss and defer final determination of which state's law applies. *See, e.g.*, *In re MacBook Keyboard Litig.*, No. 18-cv-02813, 2019 WL 1765817, at *3 (N.D. Cal. Apr. 22, 2019) (reasoning that "[t]here is no bright-line requirement dictating when the court must determine which state's laws apply," and declining to decide the question on defendant's motion to dismiss). This opposition should not be construed as conceding that



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiffs' conversion claim is based on different facts, and a different legal framework. Specifically, Plaintiffs have averred facts that, accepted as true, establish Plaintiffs' entitlement to the Approved Funds *separate and apart from* the Estate's statutory partnership interest. Plaintiffs allege that Defendants (1) agreed in 2019 to disburse the Approved Funds to Plaintiffs, and (2) represented to Ms. Cornell that those funds were owed and would be distributed. SAC ¶¶ 114-17. Defendants ratified that approval both expressly and through their course of conduct—*i.e.*, by distributing Cornell's share of partnership revenue to Plaintiffs. *Id.* ¶ 115 ("**The band understands that Vicky must be paid**."); Mot. at 8 ("For a period of time after Cornell's death, the partnership continued distributing to Plaintiffs the accumulating share of partnership revenue allocatable to Cornell[.]"). Yet Defendants wrongfully changed course, not simply by refusing to disburse the Approved Funds (as purported leverage to obtain the turnover of Chris' vocal recordings), but by ultimately misappropriating the Approved Funds. SAC ¶¶ 118-19. Indeed, rather than segregate and preserve the Approved Funds, Defendants used them to pay their attorneys' fees related to this lawsuit. *Id.* ¶ 119.

Those allegations establish tortious conduct (*i.e.*, post-dissociation misappropriation of funds) separate and apart from the buyout. *Cf. Nat'l City Bank, N.A. v. Prime Lending, Inc.*, 737 F. Supp. 2d 1257, 1268 (E.D. Wash. 2010) (tort claim not preempted because it relied on different facts); *Anokiwave, Inc. v. Rebeiz*, No. 18-CV-629, 2018 WL 4407591, at *3 (S.D. Cal. Sept. 17, 2018) (claim not preempted if based on facts "similar to, but distinct from" other claim at issue). That Defendants deny those facts is irrelevant at this procedural posture. *See In re Boeing Sec. Litig.*, 40 F. Supp. 2d 1160, 1178 (W.D. Wash. 1998) ("The Court cannot resolve on a motion to dismiss the factual issues raised by the defendants.").

---

Washington law applies to the merits of this case, and Plaintiffs reserve their right to more fully address the choice-of-law issue in detail at the appropriate time.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Second*, damages for conversion are distinct from any amounts owed through the buyout process.[5] Where conversion is established, the measure of damages is typically the fair market value of the property at the time of conversion, *Eggert v. Vincent*, 44 Wn. App. 851, 854, 723 P.2d 527 (1986), whereas damages for willful or malicious conversion are based on the highest fair market value shown any time between the time of the conversion and the filing of the suit, *Brougham v. Swarva*, 34 Wn. App. 68, 76, 661 P.2d 138 (1983). Here, Plaintiffs have alleged facts entitling them to damages for Defendants' post-dissociation conversion of funds, separate and apart from the buyout. *West*, 206 F.3d at 925 & n.4 ("The question is whether there can be *any* effective relief."); Wright & Miller, 13C Fed. Prac. & Proc. Juris. § 3533.3 (3d ed. Oct. 2020) ("[C]ourts must be careful to appraise the full range of remedial opportunities. The availability of damages or other monetary relief almost always avoids mootness[.]").

Defendants' vague and unsupported assertion that the "buyout amount represents <u>the total amount</u> that the partnership will owe" ignores Plaintiffs' allegations of post-dissociation misappropriation of the Approved Funds. *See* Mot. at 9 (emphasis in original). Defendants simply quote the buyout statute and offer no authority for the proposition that the buyout process (1) will definitively account for damages for a conversion in 2019, or (2) somehow strips the Court of its subject-matter jurisdiction. *See* Mot. at 7-10. Defendants have therefore failed to meet their "heavy" burden of establishing that "it is *impossible* for a court to grant any effectual relief whatever to the prevailing party." *West*, 206 F.3d at 924; *Does*, 328 F. Supp. 3d at 1195-96 (emphasis added). Plaintiffs' conversion claim is not moot; the Court has jurisdiction to resolve it.

**B. Plaintiffs have alleged sufficient facts to state a conversion claim.**

On a motion to dismiss for failure to state a claim, "the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving

---

[5] To be clear, Plaintiffs do not believe they are entitled to a double recovery, but rather seek to vindicate their rights to the full extent available under the law.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

party." *Sutton v. Pacholke*, No. C12-124-RAJ, 2013 WL 2459767, at *2 (W.D. Wash. June 6, 2013) (citing *Barker v. Riverside Cty. Off. of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009)). To survive a Rule 12(b)(6) motion, a plaintiff need only "cite facts supporting a 'plausible' cause of action"—that is, "plead[] factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254, at *5 (W.D. Wash. June 21, 2017) (citations omitted). Dismissal for failure to state a claim "is appropriate only if it appears *beyond doubt* that the non-moving party can prove *no set of facts* in support of his claim which would entitle him to relief." *Id.* (emphasis added) (quoting *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

Defendants assert that, even if the conversion claim is not moot, Plaintiffs failed to plead sufficient facts to state a claim. Under Washington law, "[a] defendant is liable for conversion if he willfully and without legal justification deprives another of ownership of his property." *Demelash v. Ross Stores, Inc.*, 105 Wn. App. 508, 522, 20 P.3d 447 (2001). Money can be the subject of conversion if "capable of being identified." *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 818, 239 P.3d 602 (2010) (citations omitted); *see Westview Invs., Ltd. v. U.S. Bank Nat'l Ass'n*, 133 Wn. App. 835, 853, 138 P.3d 638 (2006) (conversion claimed survived summary judgment where it was disputed that the defendant had held payments in trust and improperly used them to offset a debt).

Here, Plaintiffs allege sufficient facts to state a conversion claim. The SAC avers that Plaintiffs have a property interest in the Approved Funds—hundreds of thousands of dollars which Defendants earmarked and approved for distribution (a decision that was conveyed to Plaintiffs) but which Defendants subsequently misappropriated. SAC ¶¶ 114-19.

Defendants contend that "Plaintiffs never had a possessory or other property interest in the allegedly converted money because they never received the money at issue." Mot. at 11 (emphasis in original). That is, Defendants claim that "partnership funds remain legally owned by the partnership until there is a *distribution* by partner vote" (as opposed to an approval by the



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Partnership), citing Washington's Revised Uniform Partnership Act ("RUPA"). *Id.* (emphasis added). But RUPA says no such thing. That a "distribution" is "a transfer of money . . . from a partnership"—and that "partnership business [is] determined by equal votes of the partners"—does not mean (or even reasonably suggest) that a partner has no property interest in a distribution that has been approved but not yet distributed. *See id.* (citing RCW 25.05.005 & 25.05.150(6), (10)). Nor does RUPA permit a partnership to approve a distribution and use those funds for its own purposes, as alleged here. *See* SAC ¶¶ 114-15 (averring that "*the Partnership, the Surviving Band Members*,[6] Venerus, and Cal Financial have withheld [and misappropriated] hundreds of thousands of dollars which *they acknowledged were owed to Plaintiffs and which they approved for distribution*." (emphasis added)). That the Partnership may have discretion on the timing of its approved distributions does not mean the partners have no property interest in the Approved Funds, or that the Partnership may utilize that money for its own purposes. *See* Mot. at 12; SAC ¶¶ 118-19. Defendants' position is unsupported by both the RUPA and common sense.[7]

Defendants further argue that alleging "the converted funds were 'approved for distribution'" lacks necessary "factual detail [or] evidentiary exhibits supporting such claimed formal 'approval.'" Mot. at 12. But Plaintiffs' allegations are sufficient, at the pleading stage, to establish Plaintiffs' property interest in the funds. *See Huong Hoang v. Amazon.com, Inc.*, No. C11-1709-MJP, 2012 WL 1088165, at *2, *6 (W.D. Wash. Mar. 30, 2012) ("Although her complaint is short on specifics" and "Plaintiff has yet to prove her case[,] . . . her pleadings are

---

[6] Defendants erroneously contend that the Individual Band Defendants cannot be liable for conversion because they are not alleged to possess the funds. *See* Mot. at 13. Plaintiffs specifically alleged that the remaining Band Members, along with the other Defendants, approved disbursement of the funds and used the Approved Funds to pay their attorneys. SAC ¶¶ 114, 129.

[7] The cases on which Defendants rely are inapposite. *See* Mot. at 12; *Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 710, 721-22, 197 P.3d 686 (2008) (dealing with limits on the Washington Education Association's ("WEA's") ability to use "agency shop fees," *i.e.*, dues deducted from employees' salaries and paid to the WEA); *Consulting Overseas Mgmt., Ltd. v. Shtikel*, 105 Wn. App. 80, 85-86, 18 P.3d 1144 (2001) (addressing "the question of ownership of loan proceeds" and holding that the bank was the owner of such proceeds). And, notably, Defendants' argument conflicts with that of the other defendants in this case, who argue that a "legal obligation to disburse . . . funds" is tied to approval by the Partnership. *See* Financial Defs.' Mot. to Dismiss (Dkt. No. 141), at 7.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

sufficient to proceed at this stage."); *Burleson v. Sec. Props. Residential, LLC*, No. C18-0513-RSL, 2019 WL 77435, at *3 (W.D. Wash. Jan. 2, 2019) ("Whether plaintiff can prove these allegations is not the issue on a motion to dismiss."). That Plaintiffs did not allege specific evidentiary facts concerning a Partnership vote—to which they were not, and could not be expected to be, privy—*see* Mot. at 12, is not required at this procedural posture. *See Stack v. Lobo*, 903 F. Supp. 1361, 1368 (N.D. Cal. 1995) (reasoning that, even under Rule 9(b)'s heightened pleading standard, "Plaintiffs need not plead detailed evidentiary facts that are in the sole possession and control of the Defendants" (citation omitted)).

Lastly, Defendants argue that Plaintiffs' allegations as to the funds "approved to be distributed" are not sufficiently specific. Mot. at 12-13. But, again, Defendants seek to impose an inappropriately high burden at the pleading stage. Plaintiffs need only allege facts that, accepted as true, establish the existence of funds "*capable* of being identified." *See Brown*, 157 Wn. App. at 818 (emphasis added). And Plaintiffs alleged that Defendants approved disbursement of a discrete amount of money (indeed, the Partnership could not have approved disbursement of an unidentifiable amount of money). SAC ¶ 114. Accepting that allegation as true, as is required, the Approved Funds are "capable of being identified." *Id.*; *see Stack*, 903 F. Supp. at 1368 (even under Rule 9(b), no need to allege specific facts in the sole control of the other party); *LPI Downtown Inv'rs 1 v. Mun. Court of Cty. of L.A.*, 51 F.3d 281, 1995 WL 146820, *2 & n.2 (9th Cir. 1995) (unpublished) (holding that plaintiffs' allegations, "which [the Court] must take as true," survived defendants' motion to dismiss, and "offer[ing] no opinion as to the factual validity of these claims . . . [;] [t]ime and discovery will show if their claims can withstand scrutiny").

Because it is not "*beyond doubt* that [Plaintiffs] can prove *no set of facts* in support of [their conversion] claim," Defendants' Rule 12(b)(6) motion should be denied. *Wagafe*, 2017 WL 2671254, at *5.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' motion to dismiss Count III of the Second Amended Complaint.

DATED: January 11, 2020

By: *s/ William C. Rava*

William C. Rava #29948
Alison R. Caditz #51530
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Email: WRava@perkinscoie.com
Email: ACaditz@perkinscoie.com

Martin D Singer
David Binder Jonelis
**Lavely & Singer**
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.3501
Email: djonelis@lavelysinger.com
Email: mdsinger@lavelysinger.com

James George Sammataro
Brendan S. Everman
**Pryor Cashman LLP**
201 South Biscayne Boulevard,
Suite 2700
Miami, FL 33131
Telephone: 786.582.3010
Email: jsammataro@pryorcashman.com
Email: beverman@pryorcashman.com

*Attorneys for Plaintiffs*