THE HONORABLE ROBERT S. LASNIK
THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKY CORNELL, individually, and in her capacity as the Personal Representative of the Estate of Christopher John Cornell a/k/a Chris Cornell,<br><br>Plaintiffs,<br><br>v.<br><br>SOUNDGARDEN, a purported Washington General Partnership, KIM A. THAYIL, MATT D. CAMERON, HUNTER BENEDICT SHEPHERD, RIT VENERUS and CAL FINANCIAL GROUP, INC.,<br><br>Defendants. | No. 2:20-cv-01218-RSL-MLP<br><br>**OPPOSITION TO THE SOUNDGARDEN PARTIES' MOTION TO CONSOLIDATE ACTIONS**<br><br>**NOTED ON MOTION CALENDAR: APRIL 9, 2021**<br><br>New Action:<br>Case No. 2:21-cv-00192-RSL-MLP |

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................................. 1

ARGUMENT ........................................................................................................................................ 1

    A.    Legal Standard ............................................................................................................ 1

    B.    Consolidation is inappropriate because the core factual and legal issues in the two actions are distinct. ................................................................................. 1

    C.    Consolidation is inappropriate because the different procedural postures and scheduling orders would substantially prejudice Plaintiffs' Buyout Action. ........................................................................................................................ 4

CONCLUSION .................................................................................................................................... 6

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**CASES**  Page(s)

*Almeida v. Barr*,
 No. C20-0490-RSM, 2020 WL 1819876 (W.D. Wash. Apr. 10, 2020) ..................... 4

*Deem v. Air & Liquid Sys. Corp.*,
 No. C17-5965-BHS, 2020 WL 30337 (W.D. Wash. Jan. 2, 2020) ............................ 2

*Green v. Washington*,
 No. C20-6112-BHS, 2021 WL 568228 (W.D. Wash. Feb. 16, 2021) ................... 1, 3

*Jackson v. Berkey*,
 No. 3:19-CV-06101-BHS-DWC, 2020 WL 1974247
 (W.D. Wash. Apr. 24, 2020) .................................................................................. 1, 3

*Reed v. Kariko*,
 No. 3:20-CV-05580-BHS-DWC, 2020 WL 6781475
 (W.D. Wash. Nov. 18, 2020) ..................................................................................... 4

*Wallace v. Pierce Cty. Sheriff's Dep't*,
 No. 3:19-CV-05329-RBL-DWC, 2019 WL 2710520
 (W.D. Wash. June 27, 2019) ..................................................................................... 4

*Williams v. Gage*, No. C18-0218-JCC-MAT, 2018 WL 4608288, at *3
 (W.D. Wash. Aug. 29, 2018), *report and recommendation adopted*, No. C18-
 0218-JCC, 2018 WL 4584178 (W.D. Wash. Sept. 25, 2018) ..................................... 1

**STATUTE**

RCW 25.05.250 ................................................................................................................ 5

**RULE**

Fed. R. Civ. P. 42 ............................................................................................................. 1

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## INTRODUCTION

Plaintiffs oppose Defendants' motion to consolidate Case No. 2:20-cv-01218-RSL-MLP (the "Copyright Action") and Case No. 2:21-cv-00192-RSL-MLP (the "Buyout Action"). These actions involve *different* fact issues; *different* legal issues; new and *different* parties; *different* fact-finders (*i.e.*, jury versus bench); and markedly *different* procedural postures. Two cases this dissimilar should not be consolidated. The proposed consolidation would also substantially prejudice Plaintiffs by imposing the long-pending Copyright Action's looming discovery deadlines onto the brand-new Buyout Action, denying Plaintiffs an opportunity to conduct sufficient discovery in the Buyout Action. Accordingly, the Court should deny Defendants' consolidation request.

## ARGUMENT

### A.  Legal Standard

"If actions . . . involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). This Court has stressed that "Federal Rule of Civil Procedure 42 permits, *but does not require*, a court to consolidate or join for hearing or trial actions . . . involving a common question of law or fact." *Green v. Washington*, No. C20-6112-BHS, 2021 WL 568228, at *7 (W.D. Wash. Feb. 16, 2021) (emphasis added). In assessing a motion to consolidate, "the Court considers a number of factors, including . . . the potential prejudice to a party opposing consolidation." *Williams v. Gage*, No. C18-0218-JCC-MAT, 2018 WL 4608288, at *3 (W.D. Wash. Aug. 29, 2018), *report and recommendation adopted*, No. C18-0218-JCC, 2018 WL 4584178 (W.D. Wash. Sept. 25, 2018) (citation omitted).

### B.  Consolidation is inappropriate because the core factual and legal issues in the two actions are distinct.

Where cases involve "different primary fact patterns" and claims, consolidation is inappropriate. *Green*, 2021 WL 568228, at *7 (declining to "consolidat[e] these proceedings with their additional fact patterns and additional defendants"); *see also, e.g.*, *Jackson v. Berkey*, No. 3:19-

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

CV-06101-BHS-DWC, 2020 WL 1974247, at *2 (W.D. Wash. Apr. 24, 2020) ("While the three cases require application of similar laws and some of the same Defendants, each case is based on events occurring at separate facilities."); *Deem v. Air & Liquid Sys. Corp.*, No. C17-5965-BHS, 2020 WL 30337, at *2 (W.D. Wash. Jan. 2, 2020) ("Although the Court agrees with Deem that the actions involve numerous common questions of law and fact, a dispositive issue present in [case] 2 is not present in [case] 1.").

Here, the two actions share some superficial similarities: the Plaintiffs are the same; there is some overlap between defendants; and, at a high level, both cases involve the ownership and exploitation of "certain assets." But these similarities are overwhelmed by dissimilarities.

The gravamen of the Copyright Action is a copyright dispute over ownership of vocal recordings created by Chris Cornell separately from Soundgarden ("Vocal Recordings"). That dispute presents a **jury question** to be decided under *federal* law. *See* Dkt. 139. The Copyright Action also involves the surviving band members' claimed right to continue to exploit Chris Cornell's name and likeness, as well as related disputes pertaining to Chris' personal property and questions of control over social media accounts. *See id.*

In contrast, the Buyout Action seeks a valuation of the Estate's interest in the Soundgarden partnership. (Case No. 2:21-cv-00192, Dkt. 1.) The Buyout Action is a **bench** trial to be decided in accordance with **Washington state law**. In the Buyout Action, the Court—not a jury—must decide the value of certain partnership assets, including the royalty streams, touring, equipment, and merchandise, as reflected in balance sheets, general ledgers, catalog lists, royalty statements, schedules, and other sources. At issue is a simple question: what is the value of Chris' interest in the Soundgarden partnership and related entities as of the date of Chris' tragic passing (and dissociation)? These entities include Stage Mutha Fakir, Inc., SG Productions, Inc., and Loud Love Music—three entities that are ***not*** parties to the Copyright Action.

The two actions also involve different issues. By way of example, the valuation decision in the Buyout Action does not touch upon, much less resolve, the core issues in the Copyright

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Action, including: (i) which party owns the copyrights in the Vocal Recordings; (ii) whether certain defendants converted funds after Chris' passing; (iii) whether Rit Venerus and Cal Financial Group—two defendants not involved in the Buyout Action—breached their fiduciary duties to Plaintiffs; and (iv) which party should control certain social media accounts. Although Defendants vaguely assert that "[t]he actions materially overlap in substance and have other critical connections," (Motion to Consolidate Actions ("Motion") at 6), the Motion tellingly fails to identify the purported overlap or the putatively critical connections. Defendants do not attempt to explain how the Buyout Action could, or will, resolve the copyright ownership, name and likeness rights, and social media control disputes at issue in the Copyright Action.

The two actions also involve different parties. Rit Venerus and Cal Financial Group are parties to the Copyright Action, but not the Buyout Action. Stage Mutha Fakir, Inc., SG Productions, Inc., and Loud Love Music are parties to the Buyout Action, but not the Copyright Action.

The two actions also implicate different witnesses. For example, the Soundgarden Defendants identified **104 witnesses** in the Copyright Action, but only **14 witnesses** in the Buyout Action.

Finally, the two actions also involve remarkably different documents. In total, the parties have produced over **80,000** pages in the Copyright Action, in which discovery has been on-going since early 2020. Defendants have failed to identify a single document produced by Plaintiffs in the Copyright Action that they would hope to use in the Buyout Action.

Different claims implicating different laws, different facts, different documents, and different witnesses make the Copyright Action and Buyout Action too different to consolidate. The salutary goal of avoiding multiple trials through consolidation cannot be achieved here. *See Jackson*, 2020 WL 1974247, at *2 ("[C]onsolidating Plaintiff's three cases would not avoid the inefficiency of separate trials[.]"). The Court should see Defendants' conclusory allegation of "overlap" as insufficient and deny the Motion. *See, e.g.*, *Green*, 2021 WL 568228, at *7.

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### C. Consolidation is inappropriate because the different procedural postures and scheduling orders would substantially prejudice Plaintiffs' Buyout Action.

This Court routinely declines to consolidate cases that are at different procedural postures, emphasizing prejudice to the non-moving party. *See, e.g.*, *Reed v. Kariko*, No. 3:20-CV-05580-BHS-DWC, 2020 WL 6781475, at *2 (W.D. Wash. Nov. 18, 2020) (denying motion to consolidate given "different procedural posture[s]" and distinct facts, and reasoning that consolidation "would cause prejudice since a scheduling order regulating discovery and further proceedings has already issued in [the first action]"); *Almeida v. Barr*, No. C20-0490-RSM, 2020 WL 1819876, at *2 (W.D. Wash. Apr. 10, 2020); *Wallace v. Pierce Cty. Sheriff's Dep't*, No. 3:19-CV-05329-RBL-DWC, 2019 WL 2710520, at *2 (W.D. Wash. June 27, 2019).

Because the Copyright Action presents a markedly different procedural posture than the Buyout Action, the Court should decline to consolidate these cases. Specifically, the Copyright Action is in an advanced procedural posture, filed over fifteen months ago (Mot. at 2: filed ***December 2019***), and, "[i]n the eight months that th[e] case was pending in the Southern District of Florida, the parties engaged in extensive written discovery, exchanging tens of thousands of documents and thousands of audio files," Dkt. 124 (Joint Status Report), at 4. In sharp contrast, the Buyout Action was recently filed, and the discovery period *just opened* on ***March 16, 2021***. No discovery has been exchanged, the parties have not even filed their Joint Status Report, and Plaintiffs' deadline to serve their expert disclosures or reports has not been established. Defendants' Motion should be denied for those reasons alone.

Defendants' Motion seeks to impose the discovery limits from the older Copyright Action onto the newer Buyout Action, which would improperly prejudice Defendants. By way of example, Defendants have taken the position in the Copyright Action that "other than possible supplemental reports, no more expert disclosures or reports should be permitted in this case." Dkt. 124 (Joint Status Report), at 6. That means that Defendants, before exchanging *any* discovery in the new Buyout Action, propose an expert discovery cutoff of ***May 21, 2021*** (just a month-and-a-half

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

away). Defendants claim that this truncated deadline is reasonable because Plaintiffs have had *Defendants'* expert valuation report since October 2020. Mot. at 8. While true, this assertion ignores four other, overwhelming factors:

1. Defendants were statutorily required to produce their report, as a *pre-litigation* step in the buyout process, *see* RCW 25.05.250;
2. Plaintiffs diligently sought to resolve this matter amicably by making multiple offers to buy out Defendants' interests in the Soundgarden entities;
3. Plaintiffs need to conduct discovery to secure the complete set of materials on which Defendants' valuation purportedly relies, including documents in Defendants' possession that Defendants refused to produce despite repeated written requests; and
4. Plaintiffs need discovery from third parties who possess information related to the partnership's value, including former band managers, merchandise licensees, and others.

Consolidation would also lead to a procedural morass. For example, and as noted, Defendants have indicated that they would oppose any new expert reports being filed in the Copyright Action. *See* Dkt. 124 (Joint Status Report), at 6. If Defendants maintain that position, they are effectively arguing that Plaintiffs should be denied an opportunity to mount a defense to the Buyout Action. If Defendants back away from that position (that is, experts are allowed in the Buyout Action but not in the Copyright Action), the two cases would presumably require separate deadlines and separate discovery considerations even after being consolidated, which undermines the purported efficiencies of consolidation. The potential consolidation only leads to confusion, not clarity. Consider, for example, just a handful of basic questions: does written discovery in the Copyright Action (in which the two Plaintiffs are the same as in the Buyout Case) count against the written discovery limitations of the Buyout Action (in which three of the seven Defendants are different)? How many depositions does each side get in the consolidated case and how will those be counted? Does the Copyright Action defendant Rit Venerus need to sit through depositions related to financial issues on the chance that evidence material to his claims and defenses is

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  elicited?  What role will Stage Mutha Fukir play in discovery related to copyright ownership?
2  Defendants fail to address these and the many other difficult procedural challenges raised by con-
3  solidating a 15-month-old copyright dispute with a brand-new partnership valuation dispute.
4        In all events, there can be no question that consolidating the Buyout Action with the Cop-
5  yright Action according to the Copyright Action's current case schedule would cause Plaintiffs
6  significant prejudice, denying them a meaningful opportunity to conduct discovery into the De-
7  fendants' valuation methodology and facts probative of valuation, and to present an alternative
8  valuation supported by expert testimony.

## CONCLUSION

Consolidation is inappropriate here because the two actions involve different fact issues, different legal issues, different parties, different fact-finders, and different pre-trial discovery timelines.  Consolidation would cause manifest prejudice to Plaintiffs.  The Court should deny Defendants' motion to consolidate.

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: April 5, 2021

By: s/ *William C. Rava*
By: s/ *Alison R. Caditz*
William C. Rava #29948
Alison R. Caditz #51530
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: WRava@perkinscoie.com
Email: ACaditz@perkinscoie.com

Martin D. Singer
David Binder Jonelis
**Lavely & Singer**
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.3501
Email: djonelis@lavelysinger.com
Email: mdsinger@lavelysinger.com

James George Sammataro
Brendan S. Everman
**Pryor Cashman LLP**
201 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Telephone: 786.582.3010
Email:jsammataro@pryorcashman.com
Email: beverman@pryorcashman.com

*Attorneys for Plaintiffs*

OPPOSITION TO THE SOUNDGARDEN PARTIES'
MOTION TO CONSOLIDATE ACTIONS
(No. 2:20-cv-01218-RSL-MLP) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000