THE HONORABLE ROBERT S. LASNIK
THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKY CORNELL, individually, and in her capacity as the Personal Representative of the Estate of Christopher John Cornell a/k/a Chris Cornell,<br><br>Plaintiffs,<br><br>v.<br><br>SOUNDGARDEN, a purported Washington General Partnership, KIM A. THAYIL, MATT D. CAMERON, HUNTER BENEDICT SHEPHERD, RIT VENERUS and CAL FINANCIAL GROUP, INC.,<br><br>Defendants. | No. 2:20-cv-01218-RSL-MLP<br><br>**PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**NOTED ON MOTION CALENDAR: APRIL 19, 2021** |

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

OBJECTIONS ........................................................................................................................ 1

    A.    This Court Must Conduct a De Novo Review of the Issues in the R & R. ........... 1

    B.    The R & R Should Be Rejected Because Plaintiffs Have Alleged Facts that Give Rise to a Reasonable Inference of Defendants' Liability for Conversion and/or Breach of Fiduciary Duty. ......................................................... 1

        1.    Plaintiffs' SAC Supports a Reasonable Inference That Defendants Are Liable for Conversion. ................................................................................. 2

            a.    The SAC Sufficiently Alleges Plaintiffs' Interest in the Converted Funds. ................................................................................. 3

            b.    The SAC Sufficiently Alleges that the Converted Funds Are Capable of Being Identified. ................................................................. 6

        2.    Plaintiffs' SAC Supports a Reasonable Inference that the Financial Defendants Are Liable for Breach of Fiduciary Duty. .............................. 6

    C.    The R & R Should Separately Be Rejected Because, at a Bare Minimum, Plaintiffs Should Be Afforded Their First Opportunity to Rectify Any Judicially-Found Deficiencies in Their Complaint. .............................................. 8

CONCLUSION .................................................................................................................... 10

OBJECTIONS TO R & R  
(No. 2:20-cv-01218-RSL-MLP) – i

**Perkins Coie LLP**  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allstate Ins. Co. v. Lighthouse L. P.S. Inc.*,
   No. C15-1976-RSL, 2016 WL 4041198 (W.D. Wash. July 28, 2016)......................8

*Amini v. Bank of Am. Corp.*,
   No. C11-0974-RSL, 2012 WL 398636 (W.D. Wash. Feb. 7, 2012) .........................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................1, 2

*Brown ex rel. Richards v. Brown*,
   157 Wn. App. 803, 239 P.3d 602 (2010)...............................................................3, 6

*Corker v. Costco Wholesale Corp.*,
   No. C19-0290-RSL, 2019 WL 5895430 (W.D. Wash. Nov. 12, 2019) ............2, 3, 7

*Demelash v. Ross Stores, Inc.*,
   105 Wn. App. 508, 20 P.3d 447 (2001) .................................................................2, 5

*Doc's Dream, LLC v. Dolores Press, Inc.*,
   678 F. App'x 541 (9th Cir. 2017) ...............................................................................9

*Estate of Kekona v. Alaska Airlines, Inc.*,
   No. C18-0116-JCC, 2018 WL 1317826 (W.D. Wash. Mar. 14, 2018) ..................2, 4

*Gragg v. Orange Cab Co.*,
   942 F. Supp. 2d 1111 (W.D. Wash. 2013)..................................................................4

*Ilyia v. El Khoury*,
   No. C11-1593-RSL, 2012 WL 1938568 (W.D. Wash. May 25, 2012) .....................5

*In re Fitness Holdings Int'l, Inc.*,
   714 F.3d 1141 (9th Cir. 2013) ....................................................................................2

*In re Refco Inc. Sec. Litig.*,
   2010 WL 11475742 (S.D.N.Y. Mar. 2, 2010) ............................................................6

*Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
   No. C08-1862-RSL, 2009 WL 3444762 (W.D. Wash. Oct. 20, 2009).......................6

*Liebergesell v. Evans*,
   93 Wn.2d 881, 613 P.2d 1170 (1980)........................................................................6

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF AUTHORITIES**
**(cont'd)**                                                                                                    **Page(s)**

*Malone v. Clark Nuber, P.S.*,
  No. C07-2046-RSL, 2008 WL 2545069 (W.D. Wash. June 23, 2008) ................................. 8

*Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*,
  No. C07-0532RSL, 2007 WL 3033933 (W.D. Wash. Oct. 12, 2007) ................................. 8

*Orient Mar. Ltd. v. SSA Int'l, Inc.*,
  No. C05-1100L, 2005 WL 3448068 (W.D. Wash. Dec. 14, 2005) .................................... 5

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ............................................................................................. 8

*Palmason v. Weyerhaeuser Co.*,
  No. C11-0695-RSL, 2013 WL 1788002 (W.D. Wash. Apr. 26, 2013) ............................ 5

*Patel v. City of Los Angeles*,
  154 F App'x 650 (9th Cir. 2005) ...................................................................................... 9

*Puget Soundkeeper All. v. Total Terminals Int'l, LLC*,
  371 F. Supp. 3d 857 (W.D. Wash. 2019) ..................................................................... 1, 2

*Schmitt v. Kaiser Found. Health Plan of Wash.*,
  965 F.3d 945 (9th Cir. 2020) ............................................................................................ 9

*Senn v. Nw. Underwriters, Inc.*,
  74 Wn. App. 408, 875 P.2d 637 (1994) ........................................................................... 6

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ............................................................................................ 2

*Soo Park v. Thompson*,
  851 F.3d 910 (9th Cir. 2017) ....................................................................................... 2, 4

*Stack v. Lobo*,
  903 F. Supp. 1361 (N.D. Cal. 1995) ................................................................................ 4

*Stauffer v. Colvin*,
  No. C14-428-RSL, 2015 WL 2174460 (W.D. Wash. May 7, 2015) ................................ 1

*United States v. Ctr. for Diagnostic Imaging, Inc.*,
  787 F. Supp. 2d 1213 (W.D. Wash. 2011) ................................................................... 8, 9

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | | |
|---|---|---|
| | **TABLE OF AUTHORITIES**<br>**(cont'd)** | **Page(s)** |

*Williams v. Yamaha Motor Co.*,
　851 F.3d 1015 (9th Cir. 2017) ....................................................................................2

**STATUTE**

28 U.S.C. § 636........................................................................................................1

**RULE**

Fed. R. Civ. P. 72 ....................................................................................................1
OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## INTRODUCTION

Plaintiffs hereby respectfully object to the Magistrate Judge's March 19, 2021 Report and Recommendation (Dkt. 153; the "R & R") on the grounds that the R & R (1) does not apply the appropriate standard in determining the facial sufficiency of Plaintiffs' conversion and breach-of-fiduciary-duty claims, ignoring *Twombly*'s notice pleading standard requiring "plausibility" in favor of an improper heightened pleading standard requiring "persuasiveness"; and (2) unjustly and erroneously deprives Plaintiffs of the opportunity to amend their complaint, as this is first time the factual sufficiency of Plaintiffs' complaint has been judicially addressed by any Court.

Accordingly, the Court should reject the R & R and either deny Defendants' motions to dismiss or, at the least, grant Plaintiffs leave to amend to address the perceived deficiencies and/or bring an alternative claim against Rit Venerus and Cal Financial Group ("Financial Defendants").

## OBJECTIONS

**A.    This Court Must Conduct a *De Novo* Review of the Issues in the R & R.**

In addressing Plaintiffs' objections, this Court "*must* determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Stauffer v. Colvin*, No. C14-428-RSL, 2015 WL 2174460, at *1 (W.D. Wash. May 7, 2015) (emphasis added) (quoting Fed. R. Civ. P. 72(b)). With this new perspective, this Court has unfettered discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* (quoting 28 U.S.C. § 636(b)(1)).

**B.    The R & R Should Be Rejected Because Plaintiffs Have Alleged Facts that Give Rise to a Reasonable Inference of Defendants' Liability for Conversion and/or Breach of Fiduciary Duty.**

As this Court has stressed, "the question . . . on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a '*plausible*' ground for relief." *Puget Soundkeeper All. v. Total Terminals Int'l, LLC*, 371 F. Supp. 3d 857, 862 (W.D. Wash. 2019) (Lasnik, J.) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

plausible when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Id.* (emphasis added) (quoting *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)). "All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party." *Corker v. Costco Wholesale Corp.*, No. C19-0290-RSL, 2019 WL 5895430, at *1 (W.D. Wash. Nov. 12, 2019) (citing *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013)).

Moreover, where (as here) the relevant facts are in a defendant's sole possession or control, the pleading standard is further relaxed. As noted by the Ninth Circuit:

> The *Twombly* plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief [(1)] where the facts are peculiarly within the possession and control of the defendant *or* [(2)] where the belief is based on factual information that makes the inference of culpability plausible. . . . [W]e relax pleading requirements where the relevant facts are known only to the defendant.

*Soo Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017) (emphasis added) (reversing dismissal of complaint where "facts that are 'suggestive' of an agreement to engage in 'illegal conduct' . . . 'nudged her claim . . . across the line from conceivable to plausible'" (citations omitted)).[1]

Here, the R & R is objectionable because it fails to apply the proper pleading standard in concluding that Plaintiffs' conversion and breach-of-fiduciary-duty claims should be dismissed.

### 1. Plaintiffs' SAC Supports a Reasonable Inference That Defendants Are Liable for Conversion.

"A defendant is liable for conversion if he willfully and without legal justification deprives another of *ownership of his property*." *Demelash v. Ross Stores, Inc.*, 105 Wn. App. 508, 522, 20 P.3d 447 (2001) (emphasis added). Money can be the subject of conversion if "capable of being

---

[1] *See also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1028 (9th Cir. 2017) (declining to "fault[] Appellants for failing to provide specific names and dates" that were not public, and stressing that "Appellees have filed a motion to dismiss, not a motion for summary judgment"—"[d]iscovery has not yet occurred"); *Estate of Kekona v. Alaska Airlines, Inc.*, No. C18-0116-JCC, 2018 WL 1317826, at *2 (W.D. Wash. Mar. 14, 2018) ("[S]ome latitude may be appropriate where a plausible claim may be indicated based on what is known, at least where some of the information needed may be in control of the defendants." (citations omitted)).

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

identified." *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 818, 239 P.3d 602 (2010) (citations omitted). At issue here is (1) whether Plaintiffs have adequately pled a property interest in the hundreds of thousands of dollars that were allegedly converted by Defendants (the "Converted Funds"), and (2) whether the Converted Funds are capable of being identified. The R & R erroneously decides both issues in favor of Defendants.

     *a.* *The SAC Sufficiently Alleges Plaintiffs' Interest in the Converted Funds.*

With respect to Plaintiffs' property interest in the Converted Funds, the SAC plainly alleges (1) that the Soundgarden partnership "***approved*** [the Converted Funds] for distribution" to Plaintiffs, (SAC ¶ 114, Dkt. 139 (emphasis added)); (2) that Defendant Rit Venerus (Soundgarden's business manager) specifically advised Vicky Cornell that he (on behalf of Soundgarden) "[did not] see any issue from [his] end with Plaintiffs' being paid their share" (and that, in fact, the Converted Funds had already been "***approved*** for distribution," (*id.* ¶¶ 116, 119 (emphasis added)); and (3) that Peter Paterno (Soundgarden's then-legal counsel) "confirm[ed] that '**[t]he band understands Vicky must be paid**,'" (*id.* ¶ 117).

Despite these allegations, the R & R concludes that Plaintiffs' SAC lacks "sufficient factual allegations" concerning the Soundgarden partnership's alleged approval of the distribution of the Converted Funds to Plaintiffs. R & R at 6. More specifically, and without citing any authority, the R & R rejects and disregards the above-described statements by two of Soundgarden's authorized legal representatives—which corroborate Soundgarden's approval of the distribution of the Converted Funds—as "unpersuasive" simply because the statements were made by "non-partners" (*i.e.*, by persons other than the Soundgarden members themselves). *Id.* at 7 ("The SAC is devoid of any allegations regarding statements or actions from *the partners*[.]" (emphasis added)). The R & R offers no explanation as to why statements made by Soundgarden's legal representatives (its legal counsel and business manager) are "unpersuasive." *See id.*

The R & R's reasoning cannot be reconciled with this Circuit's pleading standards, under which ***all reasonable inferences*** must be drawn in the non-moving party's favor, *Corker*, 2019

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

WL 5895430, at *1, and "[t]he key inquiry is whether plaintiff's allegations create a plausible inference [of misconduct]," *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1113 (W.D. Wash. 2013) (Lasnik, J.). As an initial matter, the facts surrounding Soundgarden's approval to distribute the Converted Funds "are peculiarly within the possession and control of [Soundgarden's members]," thus relaxing Plaintiffs' pleading standard here. *Soo Park*, 851 F.3d at 928. As Plaintiffs argued in their opposition to Defendants' motions, the "evidentiary facts concerning a partnership vote" are those "to which [Plaintiffs] were not, and could not be expected to be privy[.]" Dkt. 144 at 10 & Dkt. 145 at 14 (citing *Stack v. Lobo*, 903 F. Supp. 1361, 1368 (N.D. Cal. 1995)). And yet the R & R did not even acknowledge that "the information needed may be in control of the defendants," *Estate of Kekona*, 2018 WL 1317826, at *2—a proposition that Defendants do not dispute, *see* Dkt. 146 at 2-3 & Dkt. 147 at 7-9.

Despite an unavoidable lack of personal knowledge at the pleading stage concerning what was discussed amongst the Soundgarden members, Plaintiffs' SAC nonetheless alleges and relies on "factual information that makes *the inference* of culpability plausible." *Soo Park*, 851 F.3d at 928 (emphasis added) (citation omitted). Specifically, the above statements by Mr. Venerus and Mr. Paterno regarding approval and disbursement reflect the "understanding or position regarding potential payments" (R & R at 7) of two individuals who—because they are duly authorized and lawful representatives of the partnership—are likely to have inside information regarding Soundgarden's decision-making process:  the Band's then-lawyer and business manager. SAC ¶¶ 114-19 & Ex. C. Accepting as true the statements of the partnership's lawful representatives that the "funds [were] approved for distribution" and should be disbursed to Plaintiffs, it is more than reasonable to infer that the members of Soundgarden approved a disbursement to Plaintiffs (which would thus demonstrate their property interest in the Converted Funds). *See* SAC ¶ 119; *Amini v. Bank of Am. Corp.*, No. C11-0974-RSL, 2012 WL 398636, at *8 (W.D. Wash. Feb. 7, 2012)

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(denying motion to dismiss where "[o]ne could reasonably infer [liability]").² Stated otherwise, Plaintiffs have satisfied the relaxed pleading standard that applies here.

In rejecting Plaintiffs' specific factual averments as "unpersuasive" (R & R at 7), the R & R expressly applies a standard other than *plausibility*. Evidentiary "persuasiveness" is *not* the proper standard at the pleading stage. *See Palmason v. Weyerhaeuser Co.*, No. C11-0695-RSL, 2013 WL 1788002, at *3 (W.D. Wash. Apr. 26, 2013) ("The issue is not whether plaintiffs will be able to prove co-fiduciary liability or even whether they have alleged sufficient facts to give rise to a strong inference of knowledge[.] . . . [It] is whether plaintiff has alleged sufficient facts that give rise to a plausible claim for relief. This they have done."). Nor does the R & R support with authority (or otherwise explain) why statements by non-partners cannot raise a plausible inference of partner liability—particularly where, as here, Plaintiffs allege that Mr. Venerus (as Soundgarden's financial manager) and his company are *also* liable for converting the Converted Funds and where Plaintiffs cannot be expected to have access to Soundgarden partner information.

Relatedly, the R & R erroneously determines that Plaintiffs failed to sufficiently allege an approval vis-à-vis the non-partner Financial Defendants, as those defendants purportedly did not "own the funds" or "wrongfully receive[] them," and were not "obligated to return the funds." R & R at 7. But the party *alleging* conversion must establish ownership (here, Plaintiffs), and liability lies where a defendant willfully deprives a person of possession to their chattel (here, the Converted Funds). *See Demelash*, 105 Wn. App. at 522. So long as Plaintiffs sufficiently allege an approval (and, as set forth above, they have), the Financial Defendants are equally liable for refusing to disburse the Converted Funds and instead "us[ing] the same 'frozen' funds to pay [Soundgarden's] attorneys' fees in this lawsuit." SAC ¶ 119.

---

² *See also Ilyia v. El Khoury*, No. C11-1593-RSL, 2012 WL 1938568, at *3 (W.D. Wash. May 25, 2012) ("Although ¶¶ 48-50 are little more than a formulaic recitation of the elements of a conversion claim, viewing the allegations of the . . . Complaint as a whole, the Court finds that plaintiff has raised a plausible claim of conversion[.]"); *Orient Mar. Ltd. v. SSA Int'l, Inc.*, No. C05-1100L, 2005 WL 3448068, at *1 (W.D. Wash. Dec. 14, 2005) (Lasnik, J.) ("Defendants have outlined a factual scenario which, if supported by evidence uncovered during discovery, would entitle defendants to relief on their claim[] of conversion[.]").

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

         *b.*      *The SAC Sufficiently Alleges that the Converted Funds Are Capable of Being Identified.*

The R & R also improperly concludes that "Plaintiffs' allegation that 'hundreds of thousands of dollars' are being withheld fails to identify what specific funds were allegedly converted." R & R at 7. Again, the R & R applies an incorrect standard: the precise amount of converted money need not be specifically identified in a complaint; rather the complaint must merely assert that the funds are "***capable*** of being identified." *Brown*, 157 Wn. App. at 818 (emphasis added). Here, the SAC sufficiently alleges that "Defendants approved disbursement of a *discrete amount of money* (indeed, the Partnership could not have approved disbursement of an unidentifiable amount of money)." Dkt. 144 at 11; Dkt. 145 at 14; SAC ¶ 114. Hence, if the conversion claim can proceed (as it should), Plaintiffs will be readily "capable" of establishing, through discovery, the precise amount the partnership approved for distribution (which is also within Defendants' sole control). *See Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. C08-1862-RSL, 2009 WL 3444762, at *5 (W.D. Wash. Oct. 20, 2009) (denying motion to dismiss conversion claim where plaintiff alleged misappropriation of unspecified amount of money).

**2.    Plaintiffs' SAC Supports a Reasonable Inference that the Financial Defendants Are Liable for Breach of Fiduciary Duty.**

The elements of a breach of fiduciary duty claim are: (1) a duty owed, (2) breach, (3) injury, and (4) causation. *See Senn v. Nw. Underwriters, Inc.*, 74 Wn. App. 408, 414, 875 P.2d 637 (1994). The R & R only addresses whether Plaintiffs have alleged sufficient facts to plead the first element—a duty owed—which can "arise in fact regardless of the relationship in law between the parties." *Liebergesell v. Evans*, 93 Wn.2d 881, 890, 613 P.2d 1170 (1980) (a duty can arise in fact, because of the "confidential relationship between persons involved"). Because "a fiduciary relationship . . . depends on the development of factual proof," *id.* at 891, a breach-of-fiduciary-duty claim "is an unlikely candidate for a motion to dismiss," *In re Refco Inc. Sec. Litig.*, 2010 WL 11475742, at *19 (S.D.N.Y. Mar. 2, 2010); *see also* Dkt. 144 at 11-12 and cases cited therein.

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

In support of the existence of the requisite fiduciary duty, Plaintiffs have alleged that, while Chris Cornell was alive, Mr. Venerus and Ms. Cornell "built a relationship of trust, in which [Mr.] Venerus would look out for [Ms. Cornell's] interests (separate and apart from Chris' interests)." SAC ¶ 123. After Chris Cornell passed away, Mr. Venerus assured Ms. Cornell that he and Cal Financial could continue "to faithfully and dutifully discharge their obligations" to Ms. Cornell and the Cornells' children. *Id.* ¶¶ 124-25. Consequently, after Chris Cornell's passing, Plaintiffs depended on and trusted the Financial Defendants to "properly advise and counsel them, and to act in their best interests." *Id.* ¶¶ 126-27. Indeed, Ms. Cornell "reposed trust and confidence" in the Financial Defendants and relaxed the care and vigilance she would typically exercise for her own protection. *Id.* ¶¶ 123-30. For example, given the parties' special relationship, Ms. Cornell justifiably "did not issue letters of direction or take any other actions to ensure" that the Converted Funds would be segregated or otherwise not entrusted to Mr. Venerus and/or Soundgarden. *Id.* ¶ 126. Moreover, Mr. Venerus was aware that Plaintiffs depended on him and Cal Financial to "safeguard" and "loyally serve Plaintiffs' interests without conflict," and that Plaintiffs were trusting them "to segregate, safeguard, and otherwise preserve" the Converted Funds. *Id.* ¶ 128.

Notwithstanding the above-described, specific assertions in the SAC concerning the ongoing relationship of trust established between Plaintiffs and Mr. Venerus, the R & R concludes that "Plaintiffs' allegations do not sufficiently allege a fiduciary duty existed[.]" R & R at 10. Specifically, the R & R erroneously determines (without citing any authority) that Plaintiffs have "fail[ed] to allege what Plaintiffs expected of Mr. Venerus or [Cal Financial]" and "[a]t most" have alleged "that Mr. Venerus was a go-between for Vicky regarding Soundgarden." *Id.*

But again, the R & R applies the incorrect standard, failing to accept Plaintiffs' allegations as true and interpret them in Plaintiffs' favor. *Corker*, 2019 WL 5895430, at *1. Taking Plaintiffs' averments as true—for example, that Mr. Venerus and Ms. Cornell developed a relationship of trust over time, that Mr. Venerus assured Ms. Cornell he would continue to look out for her interests after Chris Cornell's passing, and that Ms. Cornell accordingly did not issue letters of direction

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  to ensure the Converted Funds were disbursed—Plaintiffs' have alleged sufficient facts to establish
2  a fiduciary duty.  The R & R faults Plaintiffs for not alleging "what Plaintiffs expected of" the
3  Financial Defendants, but (setting aside the absence of any authority on that point), Plaintiffs spe-
4  cifically allege that they expected Mr. Venerus and his company to "safeguard, and otherwise
5  preserve the [Converted] Funds." SAC ¶ 128.  Moreover, the R & R's conclusion that Mr. Venerus
6  was only a "go-between," rather than an advisor, is impermissible in at least two ways:  it is a
7  factual finding, and it was reached only by drawing inferences in the *Defendants'* favor (rather
8  than, as required, in *Plaintiffs'* favor).  Plaintiffs' allegations plausibly support their fiduciary duty
9  claim, and thus that claim should be allowed to proceed.

**C.  The R & R Should Separately Be Rejected Because, at a Bare Minimum, Plaintiffs Should Be Afforded Their First Opportunity to Rectify Any Judicially-Found Deficiencies in Their Complaint.**

As a matter of course and due process, leave to amend is freely granted "when justice so requires," *United States v. Ctr. for Diagnostic Imaging, Inc.*, 787 F. Supp. 2d 1213, 1225 (W.D. Wash. 2011), a "policy to be applied with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  *See Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*, No. C07-0532RSL, 2007 WL 3033933, at *1 (W.D. Wash. Oct. 12, 2007) ("Ninth Circuit law favors granting leave to amend unless it is clear that the complaint could not be saved by any amendment.").  Applying that liberal standard, this Court routinely grants leave to amend when the basis for dismissal is insufficient factual detail. *See, e.g.*, *Allstate Ins. Co. v. Lighthouse L. P.S. Inc.*, No. C15-1976-RSL, 2016 WL 4041198, at *3, *5, *7 (W.D. Wash. July 28, 2016).[3]  Moreover, leave to amend a facially deficient claim in a second—or even third—amended complaint is appropriate where (as here) the motion is "the first time the sufficiency of the complaint has been

---

[3] *See also, e.g.*, *Malone v. Clark Nuber, P.S.*, No. C07-2046-RSL, 2008 WL 2545069, at *7-8, *10 (W.D. Wash. June 23, 2008), *reconsideration granted in part on other grounds*, No. C07-2046-RSL, 2008 WL 4279504 (W.D. Wash. Sept. 12, 2008); *Mikron*, 2007 WL 3033933, at *1.

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

adjudicated" and "Defendants will not suffer prejudice if leave to amend is granted." *Diagnostic Imaging*, 787 F. Supp. 2d at 1225 (granting leave to amend third amended complaint).

Here, the R & R recommends dismissal with prejudice on the purported basis that "[t]his is Plaintiffs' second amended complaint, and thus, they have already had ample opportunity to include more specific allegations to support their claim." R & R at 11. Not so. As Plaintiffs noted during oral argument, this is the *first* time that Plaintiffs' fiduciary duty and conversion claims have been adjudicated by any court.[4] *See* Dkt. 159, at 17:24–18:2 ("[E]ven though it's called the second amended complaint, there has yet to be any determination by any judicial body as to the merits of anything in the complaint[.]"). As in *Diagnostic Imaging*—where the plaintiffs were first allowed to address deficiencies in their third amended complaint, 787 F. Supp. 2d at 1225— Plaintiffs have *not* "already had ample opportunity to include more specific allegations." R & R at 11. And, despite raising the issue of leave to amend during oral argument,[5] the R & R curiously did not find that the SAC cannot be cured by alleging other facts. *See, e.g.*, *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 960 (9th Cir. 2020) (reversing dismissal without leave to amend because plaintiffs "may be able to amend their pleading with details that would raise an inference of [liability]"); *Doc's Dream, LLC v. Dolores Press, Inc.*, 678 F. App'x 541 (9th Cir. 2017); *Patel v. City of Los Angeles*, 154 F App'x 650 (9th Cir. 2005). Accordingly, the *sole* ground on which the R & R found that "amendment would be futile" is demonstrably inaccurate. R & R at 11. Also, in finding futility, the R & R fails to contemplate whether, with an opportunity to amend, Plaintiffs could state an alternative cause of action against the Financial Defendants.

Plaintiffs are prepared to allege additional allegations to cure any perceived deficiencies, including, as relevant to the conversion claim, that: (i) the Financial Defendants would recommend a distribution be made to the partners (including Ms. Cornell), rather than a formal

---

[4] The First Amended Complaint was filed to modify some factual allegations and claims based on new information learned through initial discovery and based on Soundgarden's own addition of a new party and counterclaim. *See* Dkt. 73. The Second Amended Complaint merely corrected a scrivener's error. *See* Dkt. 138.

[5] *See* Dkt. 159, at 31:16-18 ("[I]f Your Honor has any doubt as to the ability to move forward, again, . . . we can amend to add more facts.").

OBJECTIONS TO R & R  
(No. 2:20-cv-01218-RSL-MLP) – 9

Perkins Coie LLP  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

partnership vote; (ii) the Financial Defendants were intimately involved in determining the amount of the Converted Funds; (iii) the Financial Defendants withheld the Converted Funds, despite being approved for distribution by the partnership, based on a subsequent, post-approval directive received by Soundgarden's outside counsel; (iv) the Financial Defendants elected to withhold the amount approved for distribution to ensure that there were sufficient funds to cover their legal fees in the event of litigation (such that the Financial Defendants were financially motivated); and (iv) the Converted Funds have been used to pay the Financial Defendants' legal fees in this action.[6]

As relevant to the breach of fiduciary duty claim, and while they maintain it is unnecessary under the operative pleading standard, Plaintiffs can allege additional facts. Specifically, in response to the Court's contention that Plaintiffs failed to allege what they "expected of" the Financial Defendants (R & R at 10), Plaintiffs can further detail the assurances the Financial Defendants provided as to how the Financial Defendants remained capable of protecting their financial interests even after Chris' passing. Similarly, with leave to amend, Plaintiffs can demonstrate that Mr. Venerus was more than a "go-between" between Ms. Cornell and Soundgarden and, in fact, played a pivotal role in deciding when distributions should be made and distributed.

Additionally, in the alternative to their breach of fiduciary duty claim, Plaintiffs have a claim against the Financial Defendants for negligent misrepresentation, based on the Financial Defendants' false representations that they could continue to faithfully and dutifully discharge their obligations to Ms. Cornell and Chris' children after Chris' passing, and/or their failure to advise Ms. Cornell that she should not look to them for advice given their conflict of interest.

## CONCLUSION

Plaintiffs respectfully request that the Court reject the R & R and deny Defendants' motions to dismiss. Alternatively, in the event the Court finds that any of Plaintiffs' claims at issue in the R & R are deficiently pled, Plaintiffs request leave to amend.

---

[6] Plaintiffs have evidence directly supporting the facts they would add to the complaint (including a critical document that Plaintiffs believe has been improperly designated as "Attorneys' Eyes Only").

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: April 5, 2021 | By: s/ *William C. Rava* |
| | | By: s/ *Alison R. Caditz* |
| 3 | | William C. Rava #29948 |
| | | Alison R. Caditz #51530 |
| 4 | | **Perkins Coie LLP** |
| | | 1201 Third Avenue, Suite 4900 |
| 5 | | Seattle, WA  98101-3099 |
| | | Telephone:  206.359.8000 |
| 6 | | Facsimile:  206.359.9000 |
| | | Email:  WRava@perkinscoie.com |
| 7 | | Email:  ACaditz@perkinscoie.com |

Martin D. Singer
David Binder Jonelis
**Lavely & Singer**
2049 Century Park East, Suite 2400
Los Angeles, CA  90067
Telephone: 310.556.3501
Email: djonelis@lavelysinger.com
Email: mdsinger@lavelysinger.com

James George Sammataro
Brendan S. Everman
**Pryor Cashman LLP**
201 South Biscayne Blvd., Suite 2700
Miami, FL  33131
Telephone: 786.582.3010
Email: jsammataro@pryorcashman.com
Email: beverman@pryorcashman.com

*Attorneys for Plaintiffs*

OBJECTIONS TO R & R
(No. 2:20-cv-01218-RSL-MLP) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000