THE HONORABLE ROBERT S. LASNIK
THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKY CORNELL, individually, and in her capacity, and as the Personal Representative of the Estate of Christopher John Cornell a/k/a Chris Cornell,

Plaintiffs,

v.

SOUNDGARDEN, a purported Washington General Partnership, KIM A. THAYIL, MATT D. CAMERON, HUNTER BENEDICT SHEPHERD, RIT VENERUS and CAL FINANCIAL GROUP, Inc.,

Defendants.

_____

SOUNDGARDEN, a Washington General Partnership, and SOUNDGARDEN RECORDINGS LLC, a Delaware limited liability company,

Counter-Plaintiffs,

v.

Vicky Cornell, individually, and in her capacity as the Personal Representative of the Estate of Christopher John Cornell *a/k/a* Chris Cornell,

Counter-Defendants..

Case No. 2:20-cv-01218−RSL−MLP

**THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS**

**NOTED ON MOTION CALENDAR: April 9, 2021**

New Action:
Case No. 2:21-cv-00192−RSL−MLP

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218−RSL-MLP)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    <u>INTRODUCTION</u>

The Soundgarden Parties[1] file this Reply in support of their Motion to Consolidate Actions ("Motion", Dkt. No. 154) and in response to Plaintiffs' Opposition to the Motion ("Opposition" or "Opp.", Dkt. No. 161). As an initial procedural matter, the Soundgarden Parties note that the Magistrate Judge in this action (Hon. Peterson) is authorized to decide the Motion and issue an order without being subject to the Recommendation and Report process: "Motions to consolidate are considered non-dispositive and are within the pre-trial authority of the magistrate judge." *See Jackson v. Berkey*, 2020 WL 1974247, *2 n.2 (W.D. Wash. Apr. 24, 2020) (Hon. Christel).

The Motion should be granted and the New Action and Existing Action (the "Related Actions") should be consolidated for pre-trial discovery only[2] along with related procedural orders. Plaintiffs' Opposition presents no genuine reasons to deny the Motion. The alleged differences between the Related Actions presented by Plaintiffs are significantly overstated and strained. The inherently related and materially intertwined factual and legal issues between the Related Cases—and the obvious case efficiencies and economies that will be achieved for the Court, parties, and witnesses—compel consolidation. No genuine prejudice will result from consolidation, and adoption of the Existing Action's current case schedule in a consolidated action provides ample time for full case development, including for a judicial buyout valuation hearing in late August 2021 which may narrow or eliminate the Existing Action.

## II.    <u>ANALYSIS</u>

### A.  Consolidation Is Strongly Encouraged in Federal Court.

Consolidation of actions in federal court is strongly encouraged. *See Ashe v. Swenson*, 397 U.S. 436, 455 (1970) ("A pervasive purpose of [the Federal Rules of Civil Procedure] is to require or encourage the consolidation of related claims in a single lawsuit."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties

---

[1] All capitalized terms in this Reply shall have the meanings defined in the Motion.

[2] "Pre-trial discovery" is intended to denote all case activity prior to but not including dispositive motions (summary judgment), and also not including the judicial valuation hearing in the New Action or trial in the Existing Action. Thus, to the extent pre-trial non-dispositive motions are required, they would be brought in the consolidated action.

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)–1

1   and remedies is strongly encouraged."); *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994

2   (C.D. Cal. 1984) ("A court has broad discretion in deciding whether or not to grant a motion for

3   consolidation, although, typically, consolidation is favored.").

**B.  The Factual and Legal Issues In The Related Actions Are Inherently Related and Materially Intertwined, And Consolidation Will Provide Other Obvious Benefits.**

6   Plaintiffs incorrectly assert that the "core factual and legal issues in the two actions are

7   distinct." *See* Opp. at 1-3. The three cases cited in support of this section—all recent decisions of

8   this Court—substantiate the positions in the Motion and evidence that this Court denies

9   consolidation only when the compared actions are very different, and grants consolidation when

10  they are not, especially when there are case efficiencies.[3]

11  Plaintiffs' attempts to differentiate the Related Actions are unavailing. *See generally* Opp.

12  at 1-3. *First*, the Related Actions do not "involve different [legal and factual] issues." The

13  "gravamen" of the Existing Action is not just "copyright" but currently includes 14 counts: 5 in

14  the Second Amended Complaint ("SAC", Dkt. No. 139) and 9 in the First Amended

15  Counterclaims ("FACC", Dkt. No. 90-1). All but 3 counts are brought under Washington civil

16  and/or statutory law, as is the New Action. *See* SAC (Counts II-V); FACC (Counts 1, 3-8). This

---

[3] In *Green v. Washington*, 2021 WL 568228 (W.D. Wash. Feb. 16, 2021) this Court (Hon. Settle) denied plaintiff's motion to consolidate with other federal actions filed by the plaintiff against different defendants. The main action was directed against the State of Washington and others based on plaintiff's alleged improper involuntary civil commitment and administration of antipsychotic drugs; a second action against a hospital and fire department for improper emergency treatment; a third action against the U.S. Coast Guard for improper treatment in connection with her honorable discharge and medical retirement. In brief analysis in a short section of an omnibus order deciding multiple motions, this Court found based on "different primary fact patterns" and "additional defendants" that consolidation of the actions would "not further judicial economy." *See id.* \*7. In *Jackson v. Berkey*, 2020 WL 1974247 (W.D. Wash. Apr. 24, 2020) (Hon. Christel) a *pro se* inmate filed three actions against mainly different defendants based on different alleged violations of his conditions of confinement at three different jails. This Court found that consolidation would "cause delays and confusion" and that "if the cases proceeded to trial, there is a risk of juror confusion since all three cases involve similar allegations against separate sets of defendants for events which occurred at separate facilities." *See id.* \*2. In *Deem v. Air & Liquid Systems Corporation*, 2020 WL 30337 (W.D. Wash. Jan. 2, 2020) (Hon. Settle), this Court de-consolidated two actions for purposes of trial because the Court held that one of the actions had a unique "dispositive issue" (an applicable statute of limitations). *Id.* at \*2. Undisclosed in the Opposition is that earlier in the *Deem* case, this Court consolidated the actions (similarly assigned to the same judge) for pre-trial discovery purposes precisely as the Soundgarden Parties request in this Motion: "The Motion for Consolidation is GRANTED in part to the extent that this matter is consolidated . . . for purposes of discovery and for purposes of handling pre-trial matters through the Court's disposition of summary judgment . . . ." *See Deem*, Case 3:17-cv-05965-BHS (Dkt. No. 52). While not detailed in the order, the *Deem* motion to consolidate shows similar overlapping factual and legal issues and clear case-handling efficiencies as the Related Actions. *See Deem*, Case 3:17-cv-05965-BHS (Dkt. No. 42); *see also Westport Investments, LLC v. Kemper Sports Management, Inc.*, 2007 WL 4219356 (Nov. 28, 2007) (Hon. Settle) (granting motion to consolidate despite different parties, different types of trial, and despite the court's conclusion that "the two cases are largely opposites of one another.").

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)–2

1   includes the conversion count (SAC Count III) which <u>directly intermixes</u> with buyout valuation

2   issues in the New Action as analyzed in the recent Motion to Dismiss. *See* MTD SAC (Dkt. No.

3   142) at 7-10; Reply re MTD SAC (Dkt. No. 147) at 3-7.[4] As detailed in the Motion, the counts in

4   the Existing Action present competing legal positions regarding ownership and/or control of

5   various Soundgarden-related assets: audio files in Plaintiffs' custody intended for a new

6   Soundgarden album ("Album Files"), copyrights over audio recordings (including Mr. Cornell's

7   "vocal recordings") embedded in the Album Files, Mr. Cornell's name and likeness rights,

8   Soundgarden's social media accounts, and even Mr. Cornell's alleged personal property. *See* SAC;

9   FACC. The New Action seeks buyout valuations for Plaintiffs' interest in Soundgarden and

10  Soundgarden-related entities including some or all of these same assets. Simply stated, the Related

11  Actions <u>together</u> seek to answer the question: "Who owns which Soundgarden-related assets and

12  how much are they worth?" There is no good reason to force the parties, and this Court, to pursue

13  the answer to this question in two separate actions.[5] *Second*, Plaintiff is wrong that "the valuation

14  decision in the [New] Action does not touch upon, much less resolve, the core issues in the

15  [Existing] Action." As stated in the Motion, "there is a strong potential that this Court's

16  determination of the proper buyout value for Plaintiffs' entity interests following the buyout

17  valuation hearing—and the consequent resolution and finalization of the buyout process—will

18  resolve some or all of the legal, and perhaps factual, issues in the Existing Action." *See* Motion at

19  7. Plaintiffs now profess confusion about this potential resolution (*see* Opp. at 3) but have

20  previously agreed that "the buyout process may provide an opportunity to simplify or dismiss" the

21  Existing Action. *See* Joint Status Report and Discovery Plan (Dkt. No. 125) at 7, 9, 10.[6] *Third*, it is

22

23  [4] Plaintiffs are battling to keep the conversion count in this Existing Action by objecting (Dkt. No. 162) to the recent Recommendation and Report ("R&R", Dkt. No. 153) dismissing the conversion count without leave to amend.

24  [5] As disclosed in the Answer to the Complaint in the New Action, the Soundgarden Parties offered to stipulate to add the valuation count to the Existing Action, but were ignored. *See* Answer (New Action, Dkt. No. 18) at 4

25  ("Defendants acknowledge Plaintiff's statutory right to file a buyout valuation action, although they object to her procedural decision to file a new federal action rather than simply add her valuation count to the Existing Soundgarden Action as offered by Soundgarden's counsel – a decision clearly made to burden Defendants with more

26  expensive legal disputes and to further her ongoing strategy to present outrageous, publicity-driven, content.").

27  [6] As noted in the Motion, the buyout offer delivered to Plaintiffs on October 20, 2020, included an expert report describing in detail the scope of Plaintiffs' buyout interests, expressly including assets at issue in the Existing Action. Plaintiffs have not challenged the disclosed scope of these interests in the New Action, but have taken the reverse

28  position that the scope of the offered buyout interests was <u>too narrow</u>. *See e.g.*, Complaint (New Action, Dkt. No. 1)

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)–3

of no consequence that the Existing Action will be a jury trial and the New Action a judicial

buyout valuation hearing because the Motion specifically requests consolidation for pre-trial

discovery only and such consolidation is approved by this Court. *See Deem* (Dkt. No. 52).

*Fourth*, the Related Actions do not "involve different parties." Plaintiffs are identical. The

only "different" defendants in the New Action are two Soundgarden-related entities (Stage Mutha

Fakir, Inc. and SG Productions, Inc.)[7] wholly-owned by the parties to the Existing Action and

represented by the same counsel. In the Existing Action, this Court has recommended dismissal of

the only "different" defendants, Rit Venerus and Cal Financial, without leave to amend. *See* R&R

(Dkt. No. 153). Even if this Court (Hon. Lasnik) declines to adopt the R&R (now challenged by

Plaintiffs), Mr. Venerus (and his company) is financial manager for all the Soundgarden-related

entities, is a witness disclosed in the New Action, and has even filed a joinder in support of the

Motion (Dkt. No. 164). Any continuing party role poses no conflict or complication. *Fifth*, the

Related Actions do not "implicate different witnesses." The parties to the New Action recently

exchanged initial disclosures. There were 17 unique witnesses disclosed in the two disclosures

including 3 expert witnesses (Defendants' 2 named experts and Plaintiffs' 1 unnamed expert). Of

those 17 unique witnesses, 9 were duplicates (disclosed by both sides). Of the 14 unique <u>fact</u>

witnesses, almost all are also listed in initial disclosures in the Existing Action. More striking, <u>9</u> of

<u>14</u> disclosed witnesses (65%) in the New Action are either already subpoenaed for deposition or

have been the subject of formal counsel notification of intended deposition in the Existing Action.

This major witness overlap evidences the efficiencies and economies from consolidation,

including single depositions to obtain testimony relating to both Related Actions.[8] *Sixth*, the

Related Actions do not "involve remarkably different documents." The proper inquiry is not how

---

¶36. Moreover, Plaintiffs' Complaint in the New Action unambiguously confirms that, following this Court's buyout valuation ruling, the Soundgarden Parties will have unfettered rights to continue business as the band "Soundgarden," including the use of Mr. Cornell's name and likeness and his copyrights in all Soundgarden music. *See id.* (foreseeing future Soundgarden albums and/or concerts using, for example, deepfakes of Mr. Cornell's voice or holograms of Mr. Cornell's image). In other words, Plaintiffs have effectively conceded in the New Action that the buyout will resolve most or all of the issues currently being litigated in the Existing Action.

[7] "Loud Love Music" is a dba of Soundgarden and so is not a formal additional party.

[8] Plaintiffs suggest meaning in comparing the witnesses disclosed by the Soundgarden Parties in the Existing Action (104 witnesses, not 108) with those in the New Action (14 witnesses). But this difference just supports that the New Action is a subset of the Existing Action. The large number of witnesses disclosed in these initial disclosures also stems, in part, from local Florida rules prohibiting use of any trial witness not disclosed by an early case deadline.

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)–4

many documents have already been produced (Plaintiffs claim 80,000) but the most efficient and economical treatment of documents relevant to <u>both</u> Related Actions, which will be considerable. Consolidation clearly benefits the parties, this Court, and witnesses: (1) documents already produced will not have to be produced again in the New Action; (2) new document (and other written) discovery will not have to be duplicated; and (3) documentary (and other written) evidence will be available for all purposes in the consolidated action—including as evidence in motions to this Court—rather than being subject to procedural admissibility hurdles.

### C. The Procedural Postures Of The Related Actions Do Not Preclude Consolidation And There Is No Prejudice.

Consolidation of the Related Cases is not precluded by the purported "different procedural postures" of the Related Actions, or any alleged prejudice, as asserted in the Opposition's second section. *See generally* Opp. at 4-6. The principal case cited by Plaintiffs, *Reed v. Kariko*, 2020 WL 6781475 (W.D. Wash. Nov. 18, 2020), reviewed a motion to consolidate into an action that was nearly four years old, which had completed discovery, and which was on its third summary judgment motion seeking dismissal of all remaining claims. *See id.* *1.[9] Here, there are months of discovery left in the Existing Action and no depositions have yet been taken (or are currently on calendar). While the Existing Action was filed in December 2019, and the parties engaged in written discovery on the tight Florida case schedule, since the transfer to this Court in August 2020 there has been <u>no</u> new written or deposition discovery by any party.[10] Thus, the parties can effectively commence all Washington discovery at the same time in a consolidated action.

Plaintiffs present a purported "parade of horribles" in connection with expert discovery, but these concerns are based on a misstated record. It is true that in the Existing Action, after

---

[9] Plaintiffs' two other cases only nominally relate to the "procedural posture" argument. In *Almeida v. Barr*, 2020 WL 1819876 (W.D. Wash. Apr. 10, 2020), this Court ruled against consolidation of habeas petitions by different prisoner petitioners because of the lack of similar questions of fact. The secondary issue of the "different procedural phase[s]" of the actions related merely to the status of the respective TROs filed by the petitioners (key to a habeas petition). *See id.* *2. In *Wallace v. Pierce Cty. Sheriff's Dep't,* 2019 WL 2710520 (W.D. Wash. June 27, 2019), another prisoner case, this Court again denied consolidation because the cases did "not involve the same set of facts or legal issues." As to the "different procedural postures," this Court confirmed that this factor tilted against consolidation only because the <u>existing/older</u> case would necessarily be delayed by consolidation, a scenario not present here. *See id.* *2.
[10] The only exception is a Request for Production served on Mr. Venerus and Cal Financial on March 23, 2021, the day after this Court served the R&R recommending dismissal of these parties without leave to amend.

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)−5

1   transfer from Florida, the Soundgarden Parties advocated against new expert disclosures or reports

2   in Washington (because such deadlines had passed in the Florida action). *See* 11/4/20 Joint Status

3   Report (Dkt. No. 124) at 6. But this position was <u>rejected</u> when a pre-trial scheduling order was

4   issued setting a new expert disclosure deadline of May 21, 2021. *See* Dkt. No. 127 at 1. Plaintiffs'

5   attempt to parlay this old, rejected position into a set of current concerns is specious. *See* Opp. at

6   5. This expert disclosure deadline provides ample time for Plaintiffs to conduct relevant discovery

7   and prepare expert disclosures in the New Action. As acknowledged by Plaintiffs (*see* Opp. at 5),

8   they have had the Soundgarden Parties' expert valuation report since October 2020. While it now

9   appears that Plaintiffs have not yet even retained a valuation expert, this is not the fault of the

10  Soundgarden Parties or the Court (and frankly raises questions regarding the good-faith basis for

11  the New Action). It is also not the Soundgarden Parties' fault that Plaintiffs have not yet served

12  written discovery in the New Action, or that they failed to seek specific valuation evidence,

13  beyond the expansive documentation provided with the buyout offer, <u>before</u> the New Action was

14  filed, as was offered to Plaintiffs. *See* Answer (New Action, Dkt. No. 18) at 7 (counsel agreed "to

15  consider any specific, concrete, requests for documents that [Plaintiffs'] consultant determines are

16  otherwise unavailable to your clients and are important to his/her analysis"). Finally, Plaintiffs'

17  claim to have "diligently sought to resolve this matter amicably" by making her own buyout offer

18  is irrelevant to consolidation, and also absurd for reasons explained in the Answer. *See id.* at 5-7.

19  However, if this Court has genuine concern about the expert disclosure timing, the Soundgarden

20  Parties are willing to extend the expert disclosure deadline by up to three weeks (to June 11,

21  2021), with the expert rebuttal deadline similarly extended (to July 2, 2021).[11]

22          None of Plaintiffs' other kitchen-sink arguments tilts against consolidation. *See* Opp. at 5-

23  6. This Court does not need to expand written discovery rights or the number of depositions given

24  substantial witness overlap (and separate expert depositions). If Mr. Venerus stays in the action, he

25  can surely determine his deposition coverage needs. Despite Plaintiffs' professed concern, Stage

26  Mutha Fakir will be fine.

27  ────────────────────

28  [11] Finally, while the Soundgarden Parties are strongly opposed, if this Court concludes that the condition of imposing the case schedule in the Existing Action on the New Action is so prejudicial to Plaintiffs as to warrant denying the Motion, the Soundgarden Parties are willing to agree to additional case-scheduling flexibility.

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)–6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For the foregoing reasons, and as set forth in the Motion, the Soundgarden Parties respectfully request that this Court grant their motion to consolidate.

Date:  April 9, 2021                                         Respectfully submitted,


By: *s/ Paul H. Beattie*
    Paul H. Beattie, WSBA # 30277
    **Gravis Law**
    7920 SE Stellar Way
    Snoqualmie, WA  98065
    Telephone:  206.696.9095
    Email: pbeattie@gravislaw.com

    Gabriel G. Gregg
    Matthew H. Poppe
    **Rimon PC**
    800 Oak Grove Ave, Suite 250
    Menlo Park, CA  94025
    Telephone:  408.669.5354
    Email: gabriel.gregg@rimonlaw.com
    Email: Matthew.Poppe@rimonlaw.com

    *Attorneys for the Soundgarden Parties*

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)–7

**<u>CERTIFICATE OF SERVICE</u>**

1

2

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the

3

CM/ECF system, which will send electronic notification of such filing to all CM/ECF participants.

4

5

6

Date:  April 9, 2021

7

8                                                                    *s/ Gabriel G. Gregg*
                                                                     Gabriel G. Gregg, Pro Hac Vice Admitted

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE SOUNDGARDEN PARTIES' REPLY IN SUPPORT OF MOTION
TO CONSOLIDATE ACTIONS (No. 2:20−cv−01218− RSL-MLP)–8