UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKY CORNELL, *et al.*, | |
| Plaintiffs, | Case No. C20-1218-RSL-MLP |
| v. | ORDER |
| SOUNDGARDEN, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court on Soundgarden, Kim Thayil, Matt Cameron, and Hunter Shepherd's ("Soundgarden Defendants") motion to consolidate this action and *Cornell v. Soundgarden, et al.*, C21-192-RSL-MLP for pretrial discovery and pre-trial non-dispositive motions. (Mot. (Dkt. # 154).) Defendant Rit Venerus and Cal Financial Group, Inc. ("Financial Defendants") conditionally join Soundgarden Defendants' motion. (Not. of Joinder (Dkt. # 164).) Plaintiff Vicky Cornell individually and in her capacity as the Personal Representative of the Estate of Chris Cornell (collectively, "Plaintiffs") oppose the motion. (Resp. (Dkt. # 161).) Soundgarden Defendants submitted a reply. (Reply (Dkt. # 165).) Having considered the parties'

ORDER - 1

1  submissions, the balance of the record, and the applicable law, the Court GRANTS Soundgarden
2  Defendants' motion to consolidate.

## II.     BACKGROUND

Plaintiffs filed this action ("Copyright Action") against Soundgarden Defendants and Financial Defendants on December 19, 2019. (Dkt. # 1.) Plaintiffs allege a number of claims against Defendants concerning ownership of certain assets and copyrights relating to Chris Cornell ("Chris"). Specifically, Plaintiffs allege Chris, a member of the band Soundgarden and partnership under the same name ("Soundgarden Partnership"), created unreleased vocal recordings before his passing. (Second Am. Compl. ("SAC") (Dkt. # 139) at ¶ 44.) Plaintiffs allege that despite Soundgarden Defendants' assertion that the recordings belong to the Soundgarden Partnership, Plaintiffs are the exclusive owners and copyright holders of Chris' recordings. (*Id.* at ¶¶ 46, 57, 58.) Plaintiffs also allege they own the rights in Chris' name and likeness. (*Id.* at ¶ 6.) Plaintiffs further allege Soundgarden Defendants conspired with Financial Defendants to withhold funds owed to them, and that Financial Defendants breached their fiduciary duty to Plaintiffs. (*Id.* at ¶¶ 75, 112-21, 122-32.)

Plaintiffs filed a second action ("Buyout Action") against Soundgarden Defendants and Stage Mutha Fakir, Inc., SG Productions, Inc., and Loud Love Music (collectively, "Soundgarden-Related Entity Defendants") on February 16, 2021. *See Cornell v. Soundgarden*, *et al.*, C21-192-RSL-MLP, Dkt. # 1. In that action, Plaintiffs seek a judicial valuation of Chris' interest in Soundgarden and its related entities, inherited by Plaintiffs, in order to determine a buyout price for that interest pursuant to RCW 25.05.250. *Id.*, Dkt. # 1 at ¶¶ 4, 5, 12.

On April 16, 2021, Soundgarden Defendants and Soundgarden-Related Entity Defendants filed Second Amended Counterclaims ("SACC") in the Copyright Action. (SACC

ORDER - 2

(Dkt. # 166).) They seek, *inter alia*, declaratory relief regarding the buyout price at issue in the Buyout Action. (*Id.* at ¶¶ 113-18.) Specifically, Soundgarden Defendants and Soundgarden-Related Entity Defendants assert a counterclaim for a declaratory judgment that resolution of the Buyout Action and the resulting buyout of Plaintiffs' interest will resolve issues and claims in the Copyright Action relating to:

> (1) ownership of the Album Files; (2) copyrights in "Chris' Vocal Recordings," any other Album Recordings, and all other Band recorded or Band intended material; (3) rights in and to the use of Cornell's name and likeness; (4) the Social Media Accounts; (5) any claimed royalty payments or other financial obligations allegedly owed to Counter-Defendants; and (6) some or all of "Chris' Personal Property" as defined in the SAC.

(*Id.* at ¶ 117.)

### III.   DISCUSSION

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Fed. R. Civ. P. 42(a)(2). In considering whether to consolidate, the Court considers a number of factors, including "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, C13-2110-JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014). The court's discretion under Rule 42(a) is broad. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (district court has "broad discretion" to consolidate actions pending in the same district).

Plaintiffs assert the factual and legal issues in the two actions are too distinct to warrant consolidation. (Resp. at 1-7.) They assert the Copyright Action is primarily about the ownership of Chris' vocal recordings created separately from Soundgarden, and also involves disputes over

1  rights to exploit Chris' name and likeness, control over social media accounts, and ownership of
2  Chris' personal property. (*Id.* at 2.) Plaintiffs assert that many of these disputes must be decided
3  under federal law by a jury, unlike the Buyout Action that seeks only a valuation of Plaintiffs'
4  interest in Soundgarden and its related entities that will be decided by the Court under state law.
5  (*Id.*)

6  Here, the Court finds there are common questions of fact among the claims in the two
7  actions. The Copyright Action seeks resolution of who owns and/or has rights to certain assets
8  relating to Chris and Soundgarden, and the Buyout Action seeks determination of the value of
9  some of those assets and a buyout price that reflects the parties' interest in those assets, among
10 other things. Although Plaintiffs raise claims in the Copyright Action that are not at issue in the
11 Buyout Action, the common questions of fact warrant consolidation. Further, Soundgarden
12 Defendants and Soundgarden-Related Entity Defendants have filed a counterclaim in the
13 Copyright Action seeking declaratory relief regarding the impact resolution of the Buyout Action
14 will have in the Copyright Action. Thus, the Buyout Action is now directly raised in the
15 Copyright Action.

16 There are also common questions of law between the actions. The majority of the claims
17 in the Copyright Action will be determined pursuant to Washington law as will the Buyout
18 Action. Because Soundgarden Defendants move for consolidation of pretrial discovery only, the
19 fact that the Copyright Action is subject to a jury trial and the Buyout Action will be decided by
20 the Court does not weigh against consolidation. Further, determining the value of assets in the
21 Buyout Action may resolve legal issues and claims in the Copyright Action.

22 In addition, all parties to the Buyout Action are parties to the Copyright Action. The
23 Plaintiffs are the same in both actions, and Soundgarden Defendants and Soundgarden-related

Entity Defendants are parties to both actions. These parties are also represented by the same counsel in both actions. The only defendants that are not party to both actions are Financial Defendants – they are only parties in the Copyright Action. However, they have submitted a conditional joinder in support of consolidation based on the outcome of the pending Report and Recommendation (dkt. # 153) recommending dismissal of Financial Defendants in the Copyright Action. If Financial Defendants are dismissed, the parties in both actions will be identical. Even if Financial Defendants are not dismissed, Rit Venerus is the financial manager for Soundgarden and its related entities and has been disclosed as a witness in the Buyout Action. Financial Defendants therefore will be involved in the Buyout Action regardless of whether it is consolidated with the Copyright Action.

Plaintiffs also argue other factors weigh against consolidation. They assert the two actions involve different witnesses and different documents. (Resp. at 3). They assert Soundgarden Defendants identified 104 witnesses in the Copyright Action and only 14 witnesses in the Buyout Action. (*Id.*) They also assert the parties have produced over 80,000 pages in the Copyright Action, but Defendants have not identified any documents produced by Plaintiffs in the Copyright Action that they would use in the Buyout Action. (*Id.*) As noted by Soundgarden Defendants, the majority of unique fact witnesses in the Buyout Action are also listed in the initial disclosures in the Copyright Action and the majority of those witnesses are either already subpoenaed for depositions or have been notified by counsel of intended depositions in the Copyright Action. (Reply at 4.) Further, consolidating the two actions will help streamline the production of documents as the documents already produced in the Copyright Action will not have to be reproduced in the Buyout Action and discovery moving forward will not have to be duplicated in both actions.

Plaintiffs further argue they would be prejudiced due to the different procedural postures of the two actions. (Resp. at 4-6.) Plaintiffs note the Copyright Action was filed over fifteen months ago and the parties have engaged in extensive discovery, unlike the Buyout Action that was recently filed and in which the parties have not yet engaged in discovery. (*Id.* at 4.) Plaintiffs raise concern that in the Joint Status Report (dkt. # 124), Defendants represented that they would oppose any new expert disclosures or reports in the Copyright Action. (Resp. at 4-5.) Plaintiffs assert this would deny them the ability to present a defense. (*Id.* at 5.) The Court finds Plaintiffs' concerns unpersuasive. The Court has issued a scheduling order setting an expert disclosure deadline of May 21, 2021. (Dkt. # 127.) Thus, any concern that Defendants would oppose new expert disclosures or reports is no longer an issue.

Plaintiffs also assert that if the two actions are consolidated, each action would need separate deadlines and discovery considerations. (Resp. at 5.) Plaintiffs argue confusion would arise over whether written discovery in the Copyright Action would count against discovery limitations in the Buyout Action, how the number of allowed depositions would be allotted to each side, whether Financial Defendants would participate in depositions regarding financial issues, and what role Soundgarden-Related Entity Defendants would play in discovery regarding copyright ownership. (*Id.* at 5-6.) The concerns Plaintiffs raise regarding how discovery would be conducted and allocated is present in most actions that are consolidated for discovery and do not preclude consolidation. Should a dispute arise regarding these discovery considerations that the parties are unable to resolve, the parties are free to bring their dispute to the Court. The Court finds the interests of serving judicial economy outweigh any potential issue with discovery allocation. Consolidating the actions for discovery purposes would eliminate the need to file

1  separate motions in each case on similar discovery issues and allow the Court to address

2  overlapping issues in a more streamlined and efficient fashion.

3  However, the Court finds Soundgarden Defendants' request to consolidate the two

4  actions under the current case schedule in the Copyright Action would prejudice Plaintiffs.

5  Soundgarden Defendants assert the current expert disclosure deadline of May 21, 2021, and

6  discovery deadline of August 10, 2021, provides Plaintiffs adequate time to conduct discovery

7  and prepare expert disclosures in the Buyout Action. (Reply at 7.) The Court disagrees. Plaintiffs

8  only recently initiated the Buyout Action, and the Court has not yet issued a scheduling order in

9  that matter. For the same reasons, the Court disagrees with Soundgarden Defendants' assertion

10 that Plaintiffs have somehow erred in not yet propounding written discovery in the Buyout

11 Action. Accordingly, the Court will issue an amended scheduling order with extended deadlines,

12 detailed below.

13 Lastly, Soundgarden Defendants propose the buyout valuation hearing in the Buyout

14 Action should occur before the dispositive motion deadline in the Copyright Action. (Mot. at 7.)

15 They argue this would promote judicial efficiency because determination of the buyout value for

16 Plaintiffs' interest may resolve legal and factual issues in the Copyright Action as the buyout

17 price will be the total payment the Soundgarden Partnership is obligated to pay Plaintiffs for

18 their interest in Soundgarden and its assets. (*Id.* at 7-8.) The Court agrees. Because the buyout

19 price may resolve or simplify claims in the Copyright Action, the Court finds scheduling the

20 valuation hearing before the dispositive motion deadline is warranted.

### IV.     CONCLUSION

22 For the foregoing reasons, Soundgarden Defendants' motion (dkt. # 154) is GRANTED

23 and this action and *Cornell v. Soundgarden, et al.*, C21-192-RSL-MLP are consolidated. The

court DIRECTS the clerk to file this order in both actions. Following entry of this order, the Court DIRECTS the parties to file all further documents related to either action relating to pre-trial discovery in C20-1218-RSL-MLP.

The scheduling order is amended as follows:

| Event | Date |
|---|---|
| Reports of expert witnesses under FRCP 26(a)(2) due | 7/22/2021 |
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (see LCR7(d)) | 7/22/2021 |
| Rebuttal expert disclosures under FRCP 26(a)(2) due | 8/20/2021 |
| Discovery completed by | 8/20/2021 |
| All motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d) | 9/20/2021 |
| Buyout Valuation Hearing pursuant to RCW 25.05.250 | 10/20/2021 |
| All dispositive motions must be filed pursuant to LCR 7(d) | 11/22/2021 |

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 26th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge