THE HONORABLE ROBERT S. LASNIK
THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKY CORNELL, individually, and in her capacity as the Personal Representative of the Estate of Christopher John Cornell a/k/a Chris Cornell,<br><br>Plaintiffs,<br><br>v.<br><br>SOUNDGARDEN, a purported Washington General Partnership, KIM A. THAYIL, MATT D. CAMERON, HUNTER BENEDICT SHEPHERD, RIT VENERUS and CAL FINANCIAL GROUP, INC.,<br><br>Defendants. | No. 2:20-cv-01218-RSL-MLP<br><br>**MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS**<br><br>**NOTED ON MOTION CALENDAR: MAY 28, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| BACKGROUND | 2 |
|    A. Soundgarden and SGR Fail to File Statements of Claim in Probate Court. | 2 |
|    B. SGR Is Not Named as a Defendant in this Action. | 2 |
|    C. SGR's Belated Attempt to Join this Action as an Improper "Counter-Plaintiff." | 3 |
| ARGUMENT | 4 |
|    A. Legal Standard on Motion to Dismiss | 4 |
|    B. All of SGR's Counterclaims Against the Estate Are Time-Barred. | 4 |
|    C. The Eighth Counterclaim for Breach of Contract Also Fails As a Matter of Law. | 6 |
|       1. Chris Cornell Was Not a Party to the Agreement Between Universal and SGR. | 6 |
|       2. Any of Chris Cornell's Obligations Under the Universal Agreement Terminated Upon Death. | 9 |
|       3. Soundgarden Has Failed To Assert Any Cognizable Breach of The Live Nation Merchandising Agreement By The Estate. | 10 |
|    D. The SACC Fails to State a Claim for Tortious Interference. | 11 |
|       1. Efforts to Protect Personal Financial or Legally Protected Interests Are Privileged, And Thus SGR Cannot Hold Vicky Cornell Liable for Interference With the Universal Agreement. | 11 |
|       2. For the Same Reasons, Soundgarden's Tortious Interference Claim Fails As a Matter of Law. | 13 |
|    E. The Claims Should be Dismissed with Prejudice. | 14 |
| CONCLUSION | 14 |

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – i

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ackley v. Sec. Life Ins. Co. of Am.*,
   No. C13-432-RSM, 2014 WL 3767459 (W.D. Wash. July 31, 2014) .................................. 8, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 4

*Birkenwald Distrib. Co. v. Heublein*,
   55 Wn. App. 1 (1989) ....................................................................................................... 11

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011) ........................................................................................... 14

*CNA Int'l Reinsurance Co. v. Phoenix*,
   678 So. 2d 378 (Fla. 1st DCA 1996) .................................................................................. 9

*Grijalva v. Gulf Bank*,
   No. 09-cv-22375, 2011 WL 282754 (S.D. Fla. Jan. 25, 2011) ............................................. 6

*Hoang v. Amazon.com, Inc.*,
   No. 11-1709-MJP, 2013 WL 11319007 (W.D. Wash. Mar. 18, 2013) .............................. 6, 7

*Hodge v. Westinghouse Hanford Co.*,
   91 Wn. App. 1074 (1998) ................................................................................................... 8

*In re Estate of Fleming*,
   786 So. 2d 660 (Fla. 4th DCA 2001) .................................................................................. 6

*In re MacBook Keyboard Litig.*,
   No. 5:18-cv-02813-EJD, 2019 WL 1765817 (N.D. Cal. Apr. 22, 2019) .............................. 7

*In re Murphy's Est.*,
   191 Wn. 180, 71 P.2d 6 (1937) ........................................................................................... 9

*Karpenski v. Am. Gen. Life Cos., LLC*,
   999 F. Supp. 2d 1235 (W.D. Wash. 2014) ........................................................................ 10

*Lake v. MTC Fin., Inc.*,
   No. C16-1482-JLR, 2017 WL 3129624 (W.D. Wash. July 24, 2017) ................................. 4

*Leingang v. Pierce Cty. Med. Bureau, Inc.*,
   131 Wn.2d 133, 930 P.2d 288 (1997) ......................................................................... 11, 13

*Lowden v. T-Mobile USA, Inc.*,
   No. C05-1482-MJP, 2009 WL 537787 (W.D. Wash. Feb. 18, 2009) ............................... 6, 7

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
(continued)

Page(s)

*May v. Ill. Nat. Ins. Co.*,
 771 So. 2d 1143 (Fla. 2000)..................................................................................................5

*Nelson v. Glass & Assocs., Inc.*,
 141 F. App'x 558 (9th Cir. 2005) ........................................................................................11

*nexTUNE, Inc. v. McKinney*,
 No. C12-1974-TSZ, 2013 WL 2403243 (W.D. Wash. May 31, 2013) ..................................4

*Rivera v. Peri & Sons Farms, Inc.*,
 735 F.3d 892 (9th Cir. 2013) .................................................................................................4

*RRW Legacy Mgmt. Grp., Inc. v. Walker*,
 No. C14-1544-MJP, 2015 WL 5883381 (W.D. Wash. Oct. 8, 2015)...................................12

*Singer Credit Corp. v. Mercer Island Masonry, Inc.*,
 13 Wn. App. 877, 538 P.2d 544 (1975) ...............................................................................11

*Stark v. McCaw*,
 8 Wn. App. 378, 506 P.2d 863 (1973) ...................................................................................9

*Thomas v. Vision Por Cable De Mexico*,
 141 F.3d 1179, 1998 WL 88364 (9th Cir. 1998) ...................................................................6

*vPersonalize Inc. v. Magnetize Consultants Ltd.*,
 437 F. Supp. 3d 860 (W.D. Wash. 2020).............................................................................13

**STATUTES**

Fla. Stat. § 733.710 ...........................................................................................................4, 5, 6, 14

Fla. Stat. § 733.702 ........................................................................................................................5

**RULES**

Fed. R. Civ. P. 12......................................................................................................................1, 4

Fed. R. Civ. P. 16...........................................................................................................................3

**OTHER AUTHORITIES**

Restatement (Second) of Contracts § 262 (1981)..........................................................................9

30 Williston on Contracts § 77:72 (4th ed.)...................................................................................9

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – iii

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs seek dismissal of certain counterclaims asserted by Soundgarden and Soundgarden Recordings, LLC ("SGR") in their operative Second Amended Counterclaim (the "SACC"). (Dkt. 166). Specifically, Plaintiffs move to dismiss Counts VIII and IX in their entirety, and Counts II, III, IV, V, and VII to the extent that SGR seeks relief from the Estate of Christopher John Cornell (the "Estate").

## INTRODUCTION

The majority of the counterclaims asserted by Soundgarden and SGR in the SACC are either procedurally defective because they are time-barred or fatally deficient in their alleged factual substance and should therefore be dismissed.

First, SGR cannot bring counterclaims against the Estate, because any such claims expired under Florida's Probate Code two years after Chris Cornell died on May 18, 2017.[1] If SGR had any claims against the Estate, it had to file a Statement of Claim in the Florida probate action nearly two years ago, by May 17, 2019. SGR failed to timely pursue its purported claims, however, and therefore cannot now attempt to resuscitate those claims by masquerading as a "counter-plaintiff" in this case. The Court should reject this plainly inappropriate effort.[2]

Second, the breach of contract and tortious interference claims asserted by both SGR and Soundgarden (Counts VIII and IX) are not only time-barred as to SGR but also belied by the very facts alleged in the SACC, including the terms of the agreements attached to the SACC, and thus fail to state a cognizable claim for relief against any party. Specifically:

- SGR cannot hold Chris Cornell's Estate liable for breaching a contract between SGR and Universal to which Chris Cornell himself was *not* a party;

---

[1] The only arguably sustainable claim filed by SGR against the Estate is its first counterclaim concerning the parties' pending buyout dispute. Although Plaintiffs believe that claim should have more properly been brought in the separate buyout action between the parties (wherein SGR was actually named as a Defendant), Plaintiffs are not seeking dismissal of that claim given that the two actions were recently consolidated for pre-trial purposes.

[2] Notably, SGR improperly refers to itself as a "Counter-Plaintiff"—even though Plaintiffs have never asserted any claims against SGR in this action and there was thus nothing for SGR to "counter."

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

- Even assuming Chris Cornell was a party to the alleged Universal contract, his obligations would nonetheless have terminated upon his death;

- SGR has not—and cannot—allege a breach of the "letter of inducement," which merely refers to a condition precedent which has not occurred;

- Soundgarden has failed to point to any provision in its contract with Live Nation that was somehow breached by the Estate's refusal to authorize new, post-mortem uses of Chris' name and likeness; and

- Based only on conclusory and unsubstantiated allegations of "improper means" and "improper purpose," Ms. Cornell cannot be held personally liable for purportedly interfering in contracts in which she undisputedly has an economic interest.

Accordingly, for all the reasons set forth in detail herein, the Court should dismiss Counts VIII and IX in their entirety as well as Counts II, III, IV, V and VII to the extent those claims are asserted by SGR against the Estate.

## BACKGROUND

**A.    Soundgarden and SGR Fail to File Statements of Claim in Probate Court.**

Chris, the former lead singer of the band Soundgarden, tragically passed away on May 18, 2017, while on tour his bandmates Kim Thayil, Matt Cameron, and Hunter Benedict Shepherd (collectively, the "Surviving Soundgarden Members"). (*See* SACC ¶¶ 44-45). On January 19, 2018, Ms. Cornell filed a Petition for Administration of the Estate in Florida (the "Probate Action"). (*Id.* ¶ 110). By their own admission, neither Soundgarden nor SGR has filed a Statement of Claim in the Probate Action. (*See id.*).

**B.    SGR Is Not Named as a Defendant in this Action.**

Plaintiffs initiated this action on December 9, 2019 by filing the Complaint against the Surviving Soundgarden Members and Soundgarden (collectively, the "Soundgarden Defendants"),

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and against defendants Rit Venerus and Cal Financial Group, Inc. (*See* Dkt. No. 1). Plaintiffs did not name SGR as a defendant in the Complaint. Nor did Plaintiffs name SGR as a defendant in their First or Second Amended Complaints. (*See* Dkt. Nos. 73 & 138). Plaintiffs therefore have no affirmative claims for relief pending against SGR in this action.

C.     **SGR's Belated Attempt to Join this Action as an Improper "Counter-Plaintiff."**

On April 16, 2021, Soundgarden and SGR filed their SACC against Plaintiffs. (*See* Dkt. No. 166).[3] In the SACC, SGR misleadingly labels itself a "counter-plaintiff" (*see id.* at ¶ 2), even though Plaintiffs neither named SGR as a defendant here nor alleged any causes of action against SGR. Neither Soundgarden nor SGR sought the Court's permission before filing the SACC, even though the deadline to join parties passed on December 14, 2020. (*See* Dkt. No. 127). Soundgarden has not identified any good cause, as required under Rule 16, for the belated addition of a new party to this case.

At issue in this motion are the following claims for relief asserted in the SACC on behalf of Soundgarden and/or SGR against Ms. Cornell and/or the Estate:

| Count | Cause of Action | Party Seeking Relief | Party from Whom Relief is Sought |
|---|---|---|---|
| II | Declaratory Relief – Ownership of Album Files | Soundgarden & SGR | Ms. Cornell & Estate |
| III | Declaratory Relief – Copyright Ownership & Express/Implied License | Soundgarden, SGR, & Surviving Soundgarden Members | Ms. Cornell & Estate |
| IV | Declaratory Relief – Name & Likeness Rights | Soundgarden & SGR | Ms. Cornell & Estate |
| V | Conversion of Album Files | Soundgarden & SGR | Ms. Cornell & Estate |
| VII | Unjust Enrichment | Soundgarden & SGR | Ms. Cornell & Estate |

---

[3] SGR originally filed an Answer and Counterclaims on May 6, 2020 (Dkt. No. 68), which Plaintiffs timely moved to dismiss (Dkt. No. 74). Plaintiffs' motion to dismiss SGR's Counterclaims was fully briefed and pending when this action was transferred from Florida to this District. (Dkt. Nos. 74, 84, 87; *see also* Dkt. No. 124 at 4). Because SGR subsequently filed the SACC (Dkt. No. 166), the prior motion to dismiss and related briefing are moot.

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| VIII | Breach of Contract | Soundgarden & SGR | Estate |
| IX | Tortious Interference | Soundgarden & SGR | Ms. Cornell |

Plaintiffs seek to dismiss Counts VIII, and IX in their entirety, and Counts II, III, IV, V, and VII to the extent that SGR is seeking relief from the Estate.

## ARGUMENT

### A. Legal Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests whether a pleading "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers only 'labels and conclusions or a formulaic recitation of the elements of a cause of action' will not survive a motion to dismiss under [Rule] 12(b)(6)." *Lake v. MTC Fin., Inc.*, No. C16-1482-JLR, 2017 WL 3129624, at *3 (W.D. Wash. July 24, 2017) (quoting *id.* at 678); *see nexTUNE, Inc. v. McKinney*, No. C12-1974-TSZ, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) ("[S]peculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under FRCP 12(b)(6)." (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008))). A district court may also grant a motion to dismiss a complaint based on an affirmative defense when the "defense is obvious on the face of a complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

### B. All of SGR's Counterclaims Against the Estate Are Time-Barred.

Under the Florida Probate Code, all claims against a decedent's estate must be filed within two years of death. *See* Fla. Stat. § 733.710(1) ("Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent[.]"). As explained by the Florida Supreme Court, Section 733.710 "obviously represents a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent's estate

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

in Florida should be exposed by claims on the decedent's assets." *May v. Ill. Nat. Ins. Co.*, 771 So. 2d 1143, 1157 (Fla. 2000) (citation omitted). This two-year limitation period "is a jurisdictional statute of nonclaim that automatically bars untimely claims and is not subject to waiver or extension in the probate proceedings." *Id.* For example, Section 733.710's "absolute" two-year bar is not subject to extension on the grounds of fraud, estoppel, or insufficient notice. *Id.* at 1156-57.

Here, SGR's claims are time-barred. Because Chris passed away on May 18, 2017, (SACC ¶ 45), the deadline for Soundgarden and SGR to file any claims against the Estate was May 17, 2019 (*see* Fla. Stat. § 733.710(1)). That deadline expired nearly a year before Soundgarden and SGR originally filed their Counterclaims on May 6, 2020. *See supra*, note 3.

While a statutory exception in the Florida Probate Code permits *Soundgarden* to file an otherwise untimely counterclaim for *set-off* against the Estate (as Soundgarden was affirmatively sued by Plaintiffs in this action),[4] that exception is not applicable to *SGR* (as Plaintiffs did not sue SGR in this action). SGR therefore cannot affirmatively assert untimely claims against the Estate by interjecting itself into this action under the guise of being a "counter-plaintiff." And even if SGR were permitted to belatedly join this case, it could not possibly obtain a set-off from the Estate, because the Estate has no pending claims for relief against SGR in this case. To the extent SGR wished to pursue claims against the Estate, it had two years to file a Statement of Claim in the Probate Action. Because it failed to timely pursue any purported claims in the Probate Action, SGR is now time-barred from seeking any relief from the Estate in this action.

In tacit recognition that SGR's claims against the Estate are indeed time-barred, the SACC asserts in conclusory fashion that "any applicable time period for filing a legal claim" was tolled by "the delayed discovery rule, the fraudulent concealment rule, the equitable estoppel rule, or any other equitable rule or principle that would apply[.]" (SACC ¶ 112).[5] But Section 733.710's two-

---

[4] *See* Fla. Stat. § 733.702(4)(c) (authorizing "[t]he filing of a ... counterclaim against the estate in an action instituted by the estate; however, no recovery on a ... counterclaim shall exceed the estate's recovery in that action").

[5] It is unclear how the Estate could possibly have concealed Chris' death or fraudulently induced SGR into delaying the filing of its claims in this action, given that the Soundgarden Defendants were on tour with Chris when he died, the Probate Action was the subject of extensive media coverage, and SGR's current counsel represented Chris' ex-

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

year bar is not subject to extension on equitable grounds. *See Grijalva v. Gulf Bank*, No. 09-cv-22375, 2011 WL 282754, at *3 (S.D. Fla. Jan. 25, 2011) (rejecting plaintiff's argument that "equitable principles" could preclude application of Section 733.710 and dismissing untimely claim with prejudice); *In re Est. of Fleming*, 786 So. 2d 660, 661 (Fla. 4th DCA 2001) (holding that claim was barred despite allegation that personal representative of estate fraudulently induced claimant into delaying her filing of claim).

Accordingly, Counts II-IV (declaratory relief), V (conversion), VII (unjust enrichment), and VIII (breach of contract) must be dismissed to the extent that SGR seeks relief from the Estate.

### C. The Eighth Counterclaim for Breach of Contract Also Fails As a Matter of Law.

In addition to being time-barred as to SGR, the SACC's Eighth Cause of Action for breach of contract also fails as a matter of law as to both SGR and Soundgarden for various reasons.

#### 1. Chris Cornell Was Not a Party to the Agreement Between Universal and SGR.

It is well settled that "[a] breach of contract claim cannot survive without a contract between *the parties*." *Lowden v. T-Mobile USA, Inc.*, No. C05-1482-MJP, 2009 WL 537787, at *1 (W.D. Wash. Feb. 18, 2009) (emphasis added) (applying Washington law and dismissing breach of contract claim because the plaintiff was not a party to the contract at issue), *aff'd*, 378 F. App'x 693 (9th Cir. 2010); s*ee also Thomas v. Vision Por Cable De Mexico*, 141 F.3d 1179, 1998 WL 88364, *1 (9th Cir. 1998) (unpublished) ("[The defendant] could not be liable for breach of contract" because "he was not a party to that contract."); *Hoang v. Amazon.com, Inc.*, No. 11-1709-MJP, 2013 WL 11319007, at *3 (W.D. Wash. Mar. 18, 2013) ("Plaintiff's breach of contract claim against Amazon.com fails because Amazon is not a party to the contract upon which Plaintiff's claim is based.").[6]

---

wife and her child in connection with the Probate Action. (*See* Dkt. No. 50-2 (attesting to Rimon, P.C.'s involvement in the Probate Action)).

[6] Plaintiffs apply Washington law for purposes of this motion, but the Court can (and should) defer deciding which state's law applies. Where, as here, the choice-of-law analysis is fact-intensive and context-specific, the Court may

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Here, while SGR seeks to hold the Estate liable for purportedly breaching the recording agreement between SGR and Universal (the "Universal Agreement"), it is unambiguous from the plain language of the Universal Agreement that the only parties to that agreement were (1) Universal, and (2) SGR. Chris was *not* a party. (*See* Dkt. No. 166-1, Ex. A to SACC (referring to Universal and SGR as "both parties" in the introductory paragraph of the Universal Agreement)). Indeed, SGR admits as much in the SACC. (*See* SACC ¶ 154 (alleging that Universal and SGR are the parties to the Universal Agreement)).

Although Chris signed an addendum (which SGR calls the "letter of inducement," and is referenced herein as the "Letter") confirming SGR's right to enter into the Universal Agreement, he did *not* agree in the Letter to be personally bound by the Universal Agreement. (Dkt. No. 166-1 at pp. 8-9). To the contrary, the Letter merely provided that Chris (and the other individual members of Soundgarden) would *only* become a party to the Universal Agreement upon SGR's dissolution. (*Id.* at p. 9 ("[Chris Cornell] shall at [Universal's] election be deemed substituted as a direct party to the Agreement in place of [SGR]" only "*if* [SGR] shall be dissolved or otherwise cease to exist or for any reason whatsoever should fail [sic] be unable neglect or refuse duly to perform or observe each and all of the terms and conditions of the Agreement." (emphasis added))). SGR, as a purported party to this lawsuit, clearly did not dissolve or otherwise cease to exist. Thus, because Chris has never been a party to the Universal Agreement in his personal capacity, his Estate cannot be sued for breaching that agreement. *See Lowden*, 2009 WL 537787, at *1.

Hypothetical scenarios only underscore the futility of SGR's claim. For example, even assuming SGR had dissolved or ceased to exist, only *Universal* (not SGR) has the option to deem Chris substituted as a direct party to the Universal Agreement in place of SGR. And even assuming SGR dissolved and Universal exercised that sole option to deem Chris and the Soundgarden

---

apply Washington law to resolve the pending motion to dismiss and defer final determination of which state's law applies. *See, e.g.*, *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2019 WL 1765817, at *3 (N.D. Cal. Apr. 22, 2019) (reasoning that "[t]here is no bright-line requirement dictating when the court must determine which state's laws apply," and declining to decide the question on defendant's motion to dismiss (citation omitted)).

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Defendants substituted as direct parties, SGR would then no longer be a party to the Universal Agreement. In that scenario, SGR would lack standing to sue for breach of that agreement. Thus, no matter how SGR attempts to frame its claim, it fails as a matter of law: either SGR is a party to the Universal Agreement (and Chris is not), or Chris is a party to the Universal Agreement (and SGR is not). Either way, SGR has no standing to sue Chris's Estate, and thus its claim for breach of contract fails as a matter of law.

SGR's allegations based on the Letter and a third-party beneficiary theory of liability fare no better. (*See* SACC ¶¶ 154-57). SGR claims that Chris Cornell "made various contractual commitments to Universal" through the Letter "to which SGR LLC was a third party beneficiary." (*Id.* ¶ 154). SGR further alleges that the Estate, which is bound by Chris' "contractual commitments in the letter of inducement," breached that Letter by "claiming sole ownership over and refusing to return the Album Files which embody Album Recordings intended for the 'second LP' governed by the Universal Recording Agreement." (*Id.* ¶¶ 156-57).

But, even assuming for purposes of this motion that the Letter constitutes a contract, SGR fails to allege that the Estate *breached* the Letter. Unsurprisingly, there is not a single allegation in the SACC linking the Estate's claim of ownership over the Album File to a purported breach of the Letter, which merely (1) confirms SGR's right to enter into the Universal Agreement; (2) confirms and agrees with the terms of the Universal Agreement, and (3) agrees that Universal can, at its sole option, substitute the individual Band members upon dissolution of SGR. (SACC ¶¶ 154-57 & Ex. A); *see Ackley v. Sec. Life Ins. Co. of Am.*, No. C13-432-RSM, 2014 WL 3767459, at *4 (W.D. Wash. July 31, 2014) ("[T]he Court concludes that the allegations of breach of contract . . . are conclusory, unsubstantiated, and implausible given the contractual terms of the policy."). The plain language of the Letter simply cannot serve as a predicate for SGR's strained breach of contract claim.[7]

---

[7] Nor can the terms of the Letter be reasonably read to reflect that the parties' intent was to directly benefit SGR. *See Hodge v. Westinghouse Hanford Co.*, 91 Wn. App. 1074 (1998) ("The creation of a third-party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to a third party at the outset of the contract.

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## 2. Any of Chris Cornell's Obligations Under the Universal Agreement Terminated Upon Death.

Even assuming that Chris was a party to the Universal Agreement (and he was not), "a contract for personal services terminates upon the death of the person required to perform those services unless there is a provision in the agreement to extend payments beyond his death." *Stark v. McCaw*, 8 Wn. App. 378, 381, 506 P.2d 863 (1973) (citing *Mendenhall v. Davis*, 52 Wn. 169, 100 P. 336 (1909) & Restatement of Contracts § 459 (1932)); *see also* 30 Williston on Contracts § 77:72 (4th ed.) ("Death cancels a personal services contract."); Restatement (Second) of Contracts § 262 (1981) ("If the existence of a particular person is necessary for the performance of a duty, his death or such incapacity as makes performance impracticable is an event the non-occurrence of which was a basic assumption on which the contract was made."); *cf. CNA Int'l Reinsurance Co. v. Phoenix*, 678 So. 2d 378, 380 (Fla. 1st DCA 1996) (discussing the "clear and unambiguous rule that death renders a personal services contract impossible to perform").

Consequently, any obligations that Chris purportedly had in connection with the Universal Agreement would have terminated upon his death in 2017. As a result, the Estate could properly refuse to perform those purported obligations. *See In re Murphy's Est.*, 191 Wn. 180, 192, 71 P.2d 6 (1937) (explaining that executors and administrators are not bound by contractual obligations of their decedents that are "personal in their nature and of which personal performance by the decedent is of the essence"). Stated otherwise, there were no obligations for the Estate to breach, and thus SGR's contract counterclaim fails on its face.[8]

---

In determining intent, the court is not required to examine the minds of the parties, rather it must look to the terms of the contract."). Again, any contractual obligations belonging to Chris under the Letter can only be triggered if SGR is *removed* from the equation.

[8] As discussed above, the condition precedent in the Letter triggering Chris's obligations has not occurred. Accordingly, Chris had (and, by extension, the Estate has) *no obligations* under the Letter as a matter of law.

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### 3.   Soundgarden Has Failed To Assert Any Cognizable Breach of The Live Nation Merchandising Agreement By The Estate.

Separate and apart from SGR's contention that the Estate breached the Universal Agreement, Soundgarden asserts that the Estate breached Soundgarden's merchandising agreement with Live Nation (the "Merchandising Agreement") "by having [Ms. Cornell's] representative at Patriot Management take the position with Live Nation that Live Nation 'does not retain the rights to use Chris Cornell's image or likeness in any future Nudedragons or Soundgarden merchandise' and by insisting that certain products with Chris Cornell's image be removed from the [Soundgarden] webstore." (SACC ¶ 158).

But, like SGR's contract claim against the Estate, Soundgarden's claim simply recites portions of the relevant agreement and asserts there was a breach without in any way connecting any action by the Estate with that purported breach or damage caused by it. *See Ackley*, 2014 WL 3767459, at *4. Indeed, Soundgarden confusingly conflates (1) the issue of whether Live Nation has a post-mortem right to exploit Chris' name and likeness (which is a statutory, as opposed to a contract, claim) with (2) the issue of whether any particular provision of the Merchandising Agreement was violated. Does Soundgarden contend that Live Nation had the unfettered right to exploit new uses of Chris's name and likeness after his death, even if those uses were not approved by his Estate? And if so, which provision in the Merchandising Agreement provided Live Nation with this right? Soundgarden's allegations are fatally uncertain in this regard, and thus its contract claim is untenable as alleged.

Moreover, even assuming the SACC sufficiently alleges that the Estate somehow violated a term of the Merchandising Agreement after Chris passed away, Soundgarden has failed to allege that it suffered any damages as a result. *See Karpenski v. Am. Gen. Life Cos., LLC*, 999 F. Supp. 2d 1235, 1250 (W.D. Wash. 2014) ("The elements of a breach of contract claim are: (1) the existence of a valid contract, (2) breach of that contract, and (3) *damages resulting from the breach*." (emphasis added) (citation omitted)). Soundgarden contends that the Estate's representative

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

insisted Live Nation remove certain images from Soundgarden's website, but does not allege that (a) Live Nation did anything in response to the alleged communications, or (b) that Soundgarden was harmed as a result. (*See* SACC ¶¶ 104-105).

D.  **The SACC Fails to State a Claim for Tortious Interference.**

The elements of a claim for tortious interference with contract are: "(1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of and intentional interference with that relationship or expectancy; (3) a breach or termination of that relationship or expectancy induced or caused by the interference; (4) an improper purpose or the use of improper means by the defendant that caused the interference; and (5) resultant damage." *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 131 Wn.2d 133, 157, 930 P.2d 288 (1997). "Asserting one's rights to maximize economic interests does not create an inference of ill will or improper purpose." *Birkenwald Distrib. Co. v. Heublein*, 55 Wn. App. 1, 12 (1989) (affirming dismissal of tortious interference claim on the pleadings where the plaintiff "failed to raise an inference of improper purpose or wrongful means"). Here, SGR's tortious interference claim fails because, even accepting the SACC's allegations as true, Ms. Cornell's alleged conduct was taken to protect her own financial interests, nor is there a plausible inference of improper means or improper purpose. *See id.*

1.  **Efforts to Protect Personal Financial or Legally Protected Interests Are Privileged, and Thus SGR Cannot Hold Vicky Cornell Liable for Interference With the Universal Agreement.**

Under Washington law, "[w]hen one acts to promote lawful economic interests, bad motive is essential, and incidental interference will not suffice." *Birkenwald*, 55 Wn. App. at 11; *see also Singer Credit Corp. v. Mercer Island Masonry, Inc.*, 13 Wn. App. 877, 884, 538 P.2d 544 (1975) (describing good faith as a "privilege"). A defendant's "financial interest standing alone [does] not constitute an improper motive for purposes of an interference claim." *Nelson v. Glass & Assocs., Inc.*, 141 F. App'x 558, 560 (9th Cir. 2005). Rather, "Washington law is clear that a party 'who in

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

good faith asserts a legally protected interest of his own which he believes may be impaired by the performance of a proposed transaction is not guilty of tortious interference.'" *RRW Legacy Mgmt. Grp., Inc. v. Walker*, No. C14-1544-MJP, 2015 WL 5883381, at *7 (W.D. Wash. Oct. 8, 2015), *aff'd*, 751 F. App'x 993 (9th Cir. 2018) (quoting *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 375, 617 P.2d 704 (1980)).

Here, SGR has purported to sue Ms. Cornell, in her individual capacity, for "interfering" with the Universal Agreement. (SACC ¶¶ 157, 164). But because Ms. Cornell is the "widow of [Chris] Cornell" (Second Am. Answer, ¶ 11) and "inherited Cornell's dissociated interest in the Partnership" (SACC ¶ 79), Ms. Cornell plainly has an economic interest in any "profits," "goodwill," or "business reputation" (*see id.* ¶ 168) that SGR could earn from that contract (as Ms. Cornell would benefit financially from any album released under the Universal Agreement). That benefit will manifest as "money advances for the first LP, advances for the second LP based on a formula, and various royalty commitments," as stated in Sections 4 and 5 of the Universal Agreement. (*Id.* ¶ 24(h)).

Moreover, even assuming Ms. Cornell does not have a financial interest in the Universal Agreement, she plainly has an economic interest in Chris' unreleased vocal recordings. By recognizing that Plaintiffs claim to be the sole and exclusive owners of the unreleased sound vocal recordings (*see id.* ¶ 63(A)), SGR admits that Ms. Cornell was not acting in bad faith and that her conduct was legally justified. Specifically, because Ms. Cornell's alleged conduct was in furtherance of her own "legally protected interest" to assert ownership of the vocal recordings, she could not have been acting with the requisite malicious motive or bad faith necessary to support a tortious interference claim. *RRW*, 2015 WL 5883381, at *7.

SGR tries to evade this legal doctrine by asserting that Ms. Cornell "has no individual financial interest in [the Universal Agreement]," (SACC ¶ 166), but that allegation cannot save SGR's claim. Asserting that Ms. Cornell has no financial interest in the Universal Agreement is not only unsupported by any factual averments, but is an impermissible inference based on the

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

allegations in the SACC, which make clear that Ms. Cornell is Chris' surviving spouse and inherited his dissociated interest in the Soundgarden Partnership. (*See id.* ¶¶ 11, 79, 166); *vPersonalize Inc. v. Magnetize Consultants Ltd.*, 437 F. Supp. 3d 860, 869 (W.D. Wash. 2020) ("The court . . . is not required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001))).

Lastly, and relatedly, SGR fails to sufficiently allege the fourth element of its tortious interference claim: "an improper purpose or the use of improper means by the defendant that caused the interference." *Leingang*, 131 Wn.2d at 157. SGR baldly alleges that Ms. Cornell's "interference was done both for an improper purpose and improper means." (SACC ¶ 166). But that averment is wholly unsubstantiated, devoid of any actual support in the SACC, and should be rejected as insufficient. *See vPersonalize*, 437 F. Supp. 3d at 869. Count IX, as alleged by SGR, fails as a matter of law.

### 2. For the Same Reasons, Soundgarden's Tortious Interference Claim Fails As a Matter of Law.

Soundgarden's attempt to hold Ms. Cornell personally liable for purported interference with the Merchandising Agreement likewise fails as a matter of law because Ms. Cornell has a personal interest in that agreement as well. (*See* SACC ¶¶ 165, 167). Soundgarden asserts that "Vicky Cornell has no privilege to interfere with the Merchandising Agreement because she has no individual financial interest in that agreement, and her interference was done both for an improper purpose and by improper means[.]" (*Id.* ¶ 167). But Soundgarden's assertion overlooks that Ms. Cornell, as Chris' surviving spouse, obviously has a financial interest in the continued exploitation of his post-mortem name and likeness rights. Consequently, by taking the alleged actions— *i.e.* by seeking to prevent Live Nation from exploiting new uses of Chris' name and likeness without the Estate's authorization—Ms. Cornell was clearly seeking to protect the Estate's (and thus

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

her own) financial interests. Soundgarden's tortious interference counterclaim fails as a matter of law alongside SGR's counterclaim.

### E. The Claims Should be Dismissed with Prejudice.

"A district court may dismiss without leave [to amend] where . . . amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Here, amendment would be futile because Soundgarden and/or SGR cannot allege any facts to: (1) avoid Section 733.710's two-year bar for asserting claims against the Estate; (2) establish that Chris was a party to the Universal Agreement; (3) establish any connection between the Estate's alleged conduct and the Letter; or (4) avoid the conclusion that Ms. Cornell's alleged interference was justified as a matter of law. Accordingly, the claims challenged in this motion should be dismissed with prejudice. *See id.*

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss Counts VIII and IX of the SACC in their entirety, as well as Counts II, III, IV, V, and VII to the extent those claims are asserted by SGR against the Estate.

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| DATED: April 30, 2021 | By: s/ *William C. Rava* |
| | By: s/ *Alison R. Caditz* |
| | William C. Rava #29948 |
| | Alison R. Caditz #51530 |
| | **Perkins Coie LLP** |
| | 1201 Third Avenue, Suite 4900 |
| | Seattle, WA  98101-3099 |
| | Telephone: 206.359.8000 |
| | Email: WRava@perkinscoie.com |
| | Email: ACaditz@perkinscoie.com |
| | |
| | Martin D. Singer *(pro hac vice)* |
| | David Binder Jonelis *(pro hac vice)* |
| | **Lavely & Singer** |
| | 2049 Century Park East, Suite 2400 |
| | Los Angeles, CA  90067 |
| | Telephone: 310.556.3501 |
| | Email: djonelis@lavelysinger.com |
| | Email: mdsinger@lavelysinger.com |
| | |
| | James George Sammataro *(pro hac vice)* |
| | Brendan S. Everman *(pro hac vice)* |
| | **Pryor Cashman LLP** |
| | 201 South Biscayne Blvd., Suite 2700 |
| | Miami, FL  33131 |
| | Telephone: 786.582.3010 |
| | Email: jsammataro@pryorcashman.com |
| | Email: beverman@pryorcashman.com |
| | |
| | *Attorneys for Plaintiffs* |

MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS
(No. 2:20-cv-01218-RSL-MLP) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000