UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKY CORNELL, individually, and in her capacity, and as the Personal Representative of the Estate of Christopher John Cornell a/k/a Chris Cornell,<br><br>Plaintiffs,<br><br>v.<br><br>SOUNDGARDEN, a purported Washington General Partnership, KIM A. THAYIL, MATT D. CAMERON, HUNTER BENEDICT SHEPHERD, RIT VENERUS and CAL FINANCIAL GROUP, Inc.,<br><br>Defendants.<br><br>———————————————<br><br>SOUNDGARDEN, a Washington General Partnership, SOUNDGARDEN RECORDINGS LLC, a Delaware limited liability company, STAGE MUTHA FAKIR, INC., a Washington Corporation, SG PRODUCTIONS, INC., a Washington Corporation, KIM A. THAYIL, MATT D. CAMERON, HUNTER BENEDICT SHEPHERD,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>VICKY CORNELL, individually, and in her capacity as the Personal Representative of the Estate of Christopher John Cornell *a/k/a* Chris Cornell,<br><br>Counter-Defendants. | Case No. C20-1218-RSL-MLP<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER (Case No. C20-1218-RSL-MLP)
152825568.1

The following party-groups hereby stipulate to entry of this Stipulated Protective Order in this action based substantially on the Western District of Washington's Model Form Civil Protective Order: (1) Plaintiffs and Counter-Defendants Vicky Cornell, individually and in her capacity as personal representative of the Estate of Christopher John Cornell (collectively, "<u>Plaintiffs</u>"); (2) Defendants and Counter-Plaintiffs Soundgarden, Kim A. Thayil, Matt D. Cameron, and Hunter Benedict Shepherd, and Counter-Plaintiffs Soundgarden Recordings, LLC[1], Stage Mutha Fakir, Inc., and SG Productions, Inc. (collectively, "<u>Soundgarden Parties</u>"); and (3) Defendants Rit Venerus and Cal Financial Group, Inc. (collectively, "<u>Financial Defendants</u>"). Plaintiffs and all Defendants may collectively be referred to as the "Parties" or individually as a single "Party."

This action was transferred to this Court by the U.S. District Court for the Southern District of Florida in August 2020. *See* ECF No. 96. Prior to transfer, on April 9, 2020, the Florida Court entered a stipulated protective order entitled "Court Approved Confidentiality Agreement / Protective Order" ("Florida Protective Order"). *See* ECF No. 61. The Florida Court also on April 9, 2020, entered a separate stipulated order, analogous to a protective order, entitled "Stipulated Order on the Treatment and Safeguarding of the Audio Recordings" ("Audio File Order"). *See* ECF No. 60. As set forth herein, the Parties respectfully ask this Court to formally adopt the Audio File Order and to order that it remain in effect through resolution of the entirety of this consolidated action unless terminated earlier by an order of this Court.

Given the importance that this District places on balancing policies potentially implicated by civil protection order practice, and recognizing that the Court takes it obligation to the public seriously, the Parties submit this new Stipulated Protective Order for the Court's consideration and entry, which, other than the proposed Audio File Order, is based substantially on the Western District of Washington Model Civil Protective Order ("Model Order"). To the extent the Stipulated Protective Order differs from the Model Order, those differences reflect the content of the Florida Protective Order, which is primarily focused on protecting nonpublic personal and financial information of public figures, and on which the parties have relied for over a year.

---

[1] Plaintiffs dispute that Soundgarden Recordings, LLC is a proper counter-plaintiff.

STIPULATED PROTECTIVE ORDER (No. 2:20−cv−01218−RSL-MLP) –1
152825568.1

WHEREFORE, the Parties respectfully request that the Court enter this Stipulated Protective Order in this action which shall replace and supersede the Florida Protective Order (ECF No. 61).

# STIPULATED PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

- Tax records.

- Revenue, expense, and profit statements.

- Customer lists.

- Soundgarden's social media account information including all passwords and login information and domain registration information.

- Financial and/or private or proprietary personal or business information contained in draft or final contracts and related correspondence.

- Personal contact information for Plaintiffs and/or any Soundgarden members or employees.

- Personal identifying information of any person, including residence addresses, telephone numbers, email addresses, social security numbers, and the like.

- Nonpublic financial information for any of the parties.

- Buyout offers and related communications including documents reflecting the amounts of any buyout offers.

- Documents relating to settlement discussions, offers, and amounts.

- Documents reflecting the valuation of any of the entity Soundgarden Parties and/or any of their assets or intellectual property rights.

- Documents reflecting distributions or royalty payments to or from the entity Soundgarden Parties.

- Unpublished song lyrics.

- Unpublished photographs or videos of Soundgarden or any of the members of Soundgarden including Chris Cornell.

- All audio files produced in this case.

- All audio recordings produced in this case.

- Unreleased and/or unpublished Chris Cornell voice stems, tracks, and voice recordings.

- Unreleased and/or unpublished Chris Cornell instrumental stems, tracks, and recordings.

- Unreleased and/or unpublished voice or instrumental stems, tracks, and recordings by any of the members of Soundgarden.

- Nonpublic personal or business information concerning the Parties.

- Personal and/or business correspondence and communications between or among any of the members of Soundgarden and each other and/or their family members, personal friends, and close business colleagues.

- Correspondence and communications between or among any of the members of Soundgarden and/or their representatives and/or family members, on the one hand, and their counsel and/or counsel for the Soundgarden Parties, on the other.

- Inventories of Soundgarden, Chris Cornell, or third party assets, and related correspondence.

- Documents that a producing party is under a contractual or legal obligation to keep confidential.

- Expert reports and exhibit containing any of the above information.

3. **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, so long as the information does not become public through the wrongdoing of a Party.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the document or material produced is for Attorneys' Eyes Only ("AEO") and is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," a category which the Parties have previously used in this action pursuant to the Florida Protective Order for both information and documents, and which for purposes of this Stipulated Protective Order is subsumed within and governed by the definition and treatment of confidential information or material unless otherwise specifically noted;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  4.3  <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

  5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or

oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL," or in the case of AEO material, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains confidential (or AEO) material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings:</u> the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an

improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides

STIPULATED PROTECTIVE ORDER (No. 2:20−cv−01218− RSL-MLP) –9
152825568.1

for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. <u>THE AUDIO FILE ORDER</u>

The Parties have previously entered into the Audio File Order (ECF No. 60) relating to certain unpublished songs, audio recordings, and audio files. A true and correct copy of the Audio File Order is attached hereto as **Exhibit B.** The Parties respectfully ask this Court to formally adopt the Audio File Order and to order that it remain in effect through resolution of this action unless terminated earlier by an order of this Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED this 24th day of June, 2021.

| | |
|---|---|
| By: *s/ William C. Rava*<br>William C. Rava #29948<br>Alison R. Caditz #51530<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Email: WRava@perkinscoie.com<br>Email: ACaditz@perkinscoie.com<br><br>David Binder Jonelis<br>Martin D Singer<br>**Lavely & Singer**<br>2049 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: 310.556.3501<br>Email: djonelis@lavelysinger.com<br>Email: mdsinger@lavelysinger.com<br><br>James George Sammataro<br>**Pryor Cashman LLP**<br>201 South Biscayne Blvd., Suite 2700<br>Miami, FL 33131<br>Telephone: 786.582.3010<br>Email: jsammataro@pryorcashman.com<br><br>*Attorneys for Plaintiffs* | By: *s/ Eric A. Lindberg*<br>Paul H. Beattie<br>**Gravis Law**<br>7920 SE Stellar Way<br>Snoqualmie, WA 98065<br>Telephone: 206.696.9095<br>Email: pbeattie@gravislaw.com<br><br>Gabriel G. Gregg<br>Matthew H. Poppe<br>**Rimon PC**<br>800 Oak Grove Ave, Suite 250<br>Menlo Park, CA 94025<br>Telephone: 408.669.5354<br>Email: gabriel.gregg@rimonlaw.com<br>Email: Matthew.Poppe@rimonlaw.com<br><br>Michael A. Moore, WSBA No. 27047<br>Eric A. Lindberg, WSBA No. 43596<br>Nathan Y. Bishop, WSBA No. 57274<br>**Corr Cronin LLP**<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br>Telephone: 206.625.8600<br>Email: mmoore@corrcronin.com<br>Email: elindberg@corrcronin.com<br>Email: nbishop@corrcronin.com<br><br>*Attorneys for the Soundgarden Parties* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

**IT IS FURTHER ORDERED** that the Audio File Order (ECF No. 60) is adopted by this Court and that it shall remain in effect through resolution of this action unless terminated earlier by order of this Court.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: June 29, 2021

_____
MICHELLE L. PETERSON
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Vicky Cornell v. Soundgarden et al*, Case No. 2:20-cv-01218-RSL-MLP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____